IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRENCE LAMONT HOLLAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-373 |
| | § | |
| ANTONIO JOSE OTERO, AARON PARR, | § | |
| LUCIA GRACIA, JOHN C. FISHER, | § | |
| R. HERNANDEZ, and JULIAN M. | § | |
| MONTEMAYOR, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT AARON PARR'S REPLY TO PLAINTIFF'S RESPONSE TO HIS RULE 12(B)(6) MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Aaron Parr ("Defendant") files this Reply to Plaintiff's Response [Doc. #13] to his Motion to Dismiss pursuant to Fed. Civ. P. Rule 12(b)(6) for failure to state a claim and on qualified immunity grounds [Doc. #8], respectfully showing the following:

**I.   Plaintiff fails to identify clearly established law, address the independent intermediary doctrine or admitted probable cause that defeats his claims.**

*Cole v. Carson* confirmed that alleged pretrial use of fabricated evidence to secure a person's false arrest must be considered under the Fourth Amendment, not the Fourteenth. 802 F.3d 752, 754 (5th Cir. 2015). To state such a claim, "the relevant actors ***must not be aware of facts constituting probable cause to arrest or detain the person for any crime***." *Id.* at 755. The Supreme Court has made it clear that this is the law as far as warrantless arrests are concerned. *Devenpeck v. Alford*, 543 U.S. 146, 153-54 (2004). Plaintiff's response entirely fails to address the alternative probable cause for multiple offenses admitted in the Complaint (traffic violations and resisting arrest, interfering with public duties), or the independent intermediary doctrine, that

defeat all alleged claims. *See Defendant Parr's Motion*, Doc. #8 at 16-18. Plaintiff's failure to meaningfully respond justifies dismissal.[1]

*Vela v. Lewis* cannot clearly establish the law because (1) it is a district court opinion, (2) issued five years after the events at issue in this case, and (3) does not address similar facts. No. 4:23-CV-03376, 2024 U.S. Dist. LEXIS 39899, at *4 (S.D. Tex. 2024). "To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent. The rule must be settled law, which means it is dictated by controlling authority or a robust consensus of cases of persuasive authority." *District of Columbia v. Wesby*, 138 S. Ct. 577, 589–90 (2018) (quotations marks and citations omitted).

*Vela* alleged ***actual facts*** that showed the defendants communicated their need and intent to secure a criminal charge to cover up their excessive force and specified the nature of each defendants' alleged involvement in a conspiracy. *Vela*, LEXIS 39899, at *4. Plaintiff has only alleged that he did not assault officer Otero therefore all the officers fabricated that he had.

## II.     The Court made a Finding of Competence before Plaintiff's 2021 guilty plea.

Plaintiff does not actually dispute the authenticity of the judicial records attached to Defendant's motion or present valid reasons for the Court not to consider them. Facts established by the judicial records are not subject to reasonable dispute and can be readily determined from accurate sources: the Harris County District Clerk website. FED. R. EVID. 201(b)(1)-(2). *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994)) ("[I]t is clearly proper in deciding a [motion to dismiss] to take judicial notice

---

[1] S. D. Tex. Local Rule 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition."). *See also Chavez v. Alvarado*, No. H-21-867, 2021 U.S. Dist. LEXIS 136568, at *12-13 (S.D. Tex. 2021) (Lee H. Rosenthal, C. J.) (dismissing claims because "plaintiffs did not respond to the argument, effectively abandoning their claims against the Houston Police Department."); citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (the plaintiff's "failure to pursue [a] claim beyond [the] complaint constitute[s] abandonment.") (citation omitted).

of matters of public record.").

It does not suffice to show a notice of possible mental illness or disability in July 2021. Doc. #13 at 27-28 (relying on notice of possible mental illness or disability). Plaintiff must have been of unsound mind when the claim accrued in 2019 to be entitled to tolling.

The criminal district judge made an express **finding of competence** before accepting Plaintiff's 2021 guilty plea. Doc. #8-24 at 3. Plaintiff's criminal defense counsel certified that he explained all matters to Plaintiff who **he believed to be competent**. *Id.* Plaintiff himself signed that he was entering the plea **knowingly and voluntarily**. *Id.*

---

x_____ \_\_\_10/07/2021_____
HOLLAND, TERRENCE LAMONT, Date
Defendant

**ACKNOWLEDGEMENT OF COUNSEL.** I have consulted with the defendant whom I believe to be competent and to whom I have fully explained all of the matters contained herein including that a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law

☒ **AS APPOINTED COUNSEL**, I affirm that I fulfilled my duties under article 26 04(j) Code of Criminal Procedure, (Vernon 2011) and request the Court allow me to withdraw as attorney of record at the conclusion of this proceeding

_____ \_\_\_10/07/2021_____
Defense Attorney Date
MONTES, LUCIO A

**PROSECUTORS CONSENT AND APPROVAL OF JURY WAIVER.** The undersigned assistant district attorney, on behalf of the State of Texas, consents to and approves the defendant's waiver of trial by jury

_____ October 7, 2021
BERGERON, MATTHEW EUGENE Date
Assistant District Attorney
Harris County, Texas
TBC No 24104771
BERGERON_MATTHEW@dao hctx
net

**FINDING OF COMPETENCE.** Based upon the defendant's demeanor and responses, the Court **FINDS** the defendant is competent and is knowingly, intelligently and voluntarily waiving the rights set out above including the right to a jury trial, and is knowingly, intelligently and voluntarily entering this plea

[Doc. #8-24 at 3.]

As addressed below, neither the severely brain damaged plaintiff in *Palla*, nor the plaintiffs in *Ruiz* and *Myers*, had personally written, filed, and litigated their own lawsuit, then later claimed they had done so while of unsound mind, as Plaintiff does here. None of those cases excused the failure to bring suit for more than three years after Plaintiff's same lawyers became involved or four years after limitations expired based on a subsequent report of PTSD that does not render Plaintiff incompetent in any way.

**III.     An expert report diagnosing Plaintiff with PTSD in 2024 does not establish he was of unsound mind in 2019.**

Defendant has relied on judicial records, not "inconclusive factual assertions." Doc. #13 at 6. A pro se civil lawsuit filed by the Plaintiff in state district court, and criminal pleas he entered knowingly and voluntarily, conclusively show he was cognitively aware of and able to pursue his claims. Where, as here, Plaintiff does not dispute the authenticity of these records, or that he filed or entered them, they establish as a matter of law that Plaintiff is not entitled to tolling due to unsound mind disability. Doc. #8 at 6-7.

Plaintiff's expert report was filed under seal and Defendant was not served a copy until May 6, 2025, after Defendant's motion to dismiss was filed. The expert report diagnosing Plaintiff with PTSD in 2024 does not support a fact-based conclusion that Plaintiff was mentally unaware of and unable to pursue his claims when they accrued in 2019 or before limitations expired. Doc. #4 at 3-5. The report references historical records demonstrating Plaintiff had a history of drug or alcohol use but not an unsound mind. Doc. #4 at 3-5. Plaintiff reportedly had difficulty swallowing for six months that ended in December 2016. He was awarded disability benefits because he "struggles with pronunciation and articulation when speaking and often stutters and has difficulties with word finding when anxious or nervous." *Id.* at 3. He self-reported that an

4

aide helps him multiple days per week with activities including "cooking, grocery shopping, housework, scheduling appointments, and aiding in transportation to appointments." *Id.* None of these alleged impairments establish an unsound **mind.** Physical disability does not suffice.

IV. **Plaintiff relies on inapplicable cases that did not toll claims of a party who was able to personally file a civil suit and enter guilty pleas.**

Plaintiff's response relies on cases limited to Medical Liability Act claims, and cases that did not consider judicial records demonstrating both the mental competency of the plaintiff himself and his ability to personally pursue his claims. None of the cases applied unsound mind tolling based on PTSD alone, contrary to Plaintiff's suggestions.

*Myers v. St. Stephen's United Methodist Church* reversed summary judgment entered after excluding expert opinions based on "months of clinical observations" of a victim of childhood sexual abuse who had been "knee deep" in dealing with his mental disorders since they were first diagnosed in 1981. NO. 01-96-001460-CV, 1998 Tex. App. LEXIS 6409, at *1 (Tex. App.—Houston [1st Dist.] Oct. 8, 1998, pet. denied). In contrast, Plaintiff's expert mostly narrates information reported by the Plaintiff and still does not find mental disorders or disabilities other than PTSD that the report shows did not affect his knowledge, insight, judgment, awareness, and other mental acuity. Doc. #4 at 4-6 (noting age-appropriate insight and judgment, knowledge, awareness of current events and of past history).

*Ruiz v. Conoco, Inc.*, 868 S.W.2d 752 (Tex. 1993), and *Palla v. McDonald* were limited to Medical Liability Act claims. *Palla* applied *Ruiz's* holding that the two-year limitations period in the Medical Liability Act violates the Texas Constitution when it operates to bar the cause of action from medical malpractice brought by one who has remained continuously mentally incompetent from the time of injury until suit is filed. 877 S.W.2d 472, 475 (Tex. App.—Houston [1st Dist.] 1994, no writ). The mere pre-limitations initiation of suit *by others* on behalf of the injured person

did not alter that holding in *Palla*. *Id.* That is not what is considered here.

Here, Plaintiff has not claimed he suffered any actual mental disability qualifying him for tolling when his claims accrued. Plaintiff, appearing pro se, brought these very same claims in 2021 while communicating with his same current lawyers. He was competent to face prosecution and enter guilty pleas to felonies both within limitations and after limitations had expired. Plaintiff's response entirely fails to address these judicial records.

Plaintiff has not presented plausible facts or an expert report demonstrating his injuries were substantial, prolonged, and prevented him from being cognitively aware of a lawsuit as required to justify tolling based on an unsound mind disability. *See Helton v. Clements*, 832 F.2d 332, 336 (5th Cir. 1987); *Eggers v. El Paso Police Dep't*, No. EP-08-CA-126-PRM, 2008 U.S. Dist. LEXIS 109178 (W.D. Tex. 2008*)* (collecting cases). Courts do not toll the limitations period when a plaintiff is able to assert his legal rights, as Plaintiff did here in both civil and criminal courts.

Claims that the Defendants prevented Plaintiff from pursuing his claims within limitations are flatly false and do not serve as a basis for tolling. TEX. CIV. PRAC. & REM. CODE § 16.001. Prior to the encounter with Defendants in 2019, Plaintiff had been shot and stabbed in the head and back multiple times and been in multiple car accidents before 2017. *See Plaintiff's Expert Report*, Doc. #4 at 3.

This action should be dismissed for failure to state a claim.

           Respectfully submitted,

           **ARTURO G. MICHEL**
           **City Attorney**
           CHRISTY MARTIN
           Section Chief Torts/Civil Rights

Date: May 19, 2025.      By:   */s/ Melissa Azadeh*

       MELISSA AZADEH
       *Attorney in Charge*
       Texas Bar No. 24064851
       Federal Bar No. 1090186
       Senior Assistant City Attorney
       CITY OF HOUSTON LEGAL DEPARTMENT
       P.O. Box 368
       Houston, Texas 77002-0368
       Tel. (832) 393-6270
       Fax (832) 393-6259
       melissa.azadeh@houstontx.gov
       **ATTORNEYS FOR DEFENDANT AARON PARR**

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May 2025, a true and correct copy of the foregoing motion was delivered to all opposing counsel(s) by electronic filing of same in accordance with the District's ECF service rules, and alternatively via e-mail and/or facsimile transmission, or certified mail, return-receipt requested.

    Shirley LaVarco
    shirley@civilrightscorps.org

    Brittany Francis
    brittany@civilrightscorps.org

    Leonard J. Laurenceau
    leo@civilrightscorps.org

    CIVIL RIGHTS CORPS
    1601 Connecticut Ave. NW, Suite 800
    Washington, D.C. 20009

           */s/ Melissa Azadeh*
           Melissa Azadeh