UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TERRENCE LAMONT HOLLAND,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANTONIO JOSE OTERO,<br>AARON  PARR,<br>LUCIA GRACIA,<br>JOHN C. FISHER,<br>R. HERNANDEZ, and<br>JULIAN M. MONTEMAYOR,<br><br>　　　　　Defendants. | Case No. 4:25-cv-373 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MONTEMAYOR
AND PARR'S MOTIONS TO STRIKE PLAINTIFF'S SURREPLIES**

1

## TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................2
BACKGROUND...........................................................................................................3
FACTS........................................................................................................................ 3
LEGAL STANDARD................................................................................................... 8
ARGUMENT............................................................................................................... 8
   I. Defendants have not met the legal standard for a motion to strike under Rule 12(f), and the interests of justice warrant denying their motions......................... 8
   II. Mr. Holland's surreplies are necessary to address arguments that Defendants made for the first time on reply................................................................................ 9
   III. Under the rules articulated in Judge Hanen's Civil Procedures, Mr. Holland was permitted to file a surreply without an accompanying motion for leave. Moreover, Mr. Holland's second surreply was not untimely................................. 11
   IV. Mr. Holland's surreply complied with this Court's procedures limiting briefs and legal memoranda to 20 pages....................................................................... 12
   V. Mr. Holland's first surreply was properly filed under seal and, in the event the Court disagrees, Defendants' concern can be adequately addressed by the filing of a redacted version on the public docket............................................................ 13
CONCLUSION........................................................................................................... 15

## BACKGROUND

This is a Section 1983 action brought by Plaintiff Terrence Lamont Holland for excessive force, fabrication of evidence, and conspiracy against six officers of the Houston Police Department. Doc. 1. On May 28, 2025, Mr. Holland properly filed a surreply under seal, addressing arguments Defendant Parr raised for the first time on reply. Doc. 18. On June 3, 2025, Defendants Parr and Montemayor filed a motion to strike Mr. Holland's surreply. Doc. 19. On June 9, 2025, Mr. Holland properly filed a second surreply, addressing arguments Defendant Montemayor raised for the first time on reply, and incorporating by reference his first surreply insofar as Defendants mirrored one another's arguments in their respective reply briefs. Doc. 21. On June 20, 2025, Defendants filed a motion to strike this second surreply. Doc. 22. For the reasons set forth herein, Defendants' motions to strike Mr. Holland's surreplies should be denied.

## FACTS

1.  On January 29, 2025, Mr. Holland filed his Complaint. Doc. 1. As relevant here, Mr. Holland alleges: "At the time of Defendants' assault, Mr. Holland suffered from multiple disabilities, including chronic Post-Traumatic Stress Disorder (PTSD)." The Complaint cites as a source, "Exhibit 1, Expert Affidavit of Dr. Jennifer Hughes (to be filed under seal)." Doc. 1 at 4 n.3.

2.  The aforementioned report (hereinafter "expert report") is offered to help substantiate Mr. Holland's invocation of Section 16.001 of the Texas Rules of Civil Procedure ("TCPR"), which entitles him to tolling of the statute of limitations based on the legal disability of unsound mind.

3.  Prior to filing the expert report, undersigned counsel called the clerk's office to inquire about the proper procedure for filing a document under seal. Plaintiff's Counsel explained that

she wished to file an expert report under seal because it contains highly sensitive medical information.

4. The clerk informed Plaintiff's Counsel that a motion for leave is not required to file medical records under seal. Plaintiff's Counsel thus proceeded without a motion for leave.

5. While the expert report itself was sealed from the public, the fact of the filing was noted on the docket as ECF No. 4, with the text "SEALED EXHIBITS *Expert Report* re: [1] Complaint by Terrence Lamont Holland, filed."

6. On April 18, 2025, Defendant Parr filed a motion to dismiss. Doc. 8. On April 22, 2025, Defendant Montemayor filed a nearly identical motion to dismiss. Doc. 9. Both Defendants are represented by the same attorney.

7. On May 5, 2025, Plaintiff's Counsel noticed that Defendants' motions to dismiss did not engage at all with Plaintiff's expert report, despite otherwise contesting Mr. Holland's entitlement to tolling of the statute of limitations. *See* Doc. 8 at 6; Doc. 9 at 5–6.

8. Plaintiff's Counsel thus inferred that, despite Plaintiff's citation to the then-forthcoming report in Plaintiff's Complaint and its later entry on the docket as ECF No. 4, Defendants' Counsel was not aware of Mr. Holland's expert report.

9. Plaintiff's Counsel emailed Defendants' Counsel to address this apparent oversight, writing:

> Defendants' motions suggest that Mr. Holland did not submit expert evidence on the tolling issue, but that's inaccurate. See Doc. 8 at 5–6; Doc. 9 at 5–6; Compl., Doc. 1 at 4 n.3 (referencing Exhibit 1, Affidavit of Dr. Jennifer Hughes "to be filed under seal"). Mr. Holland filed an expert report on February 26, 2025. Doc. 4. Because the report contains confidential medical information for attorneys' eyes only, Mr. Holland filed this report under seal. *Id.*

10. Plaintiff's Counsel proposed, as a solution, that Defendants withdraw their motions to dismiss and file corrected versions addressing the expert report: "Should you choose, we'd be

4

amenable to you withdrawing Defendants' present motions and filing corrected versions, so that you can address the expert report as you see fit . . . ."

11.     Defendants' Counsel responded that she was not aware of the expert report. She further stated that she was not able to access it because it was filed under seal and was not separately served.[1] She did not engage with Plaintiff's Counsel's proposal that she withdraw Defendants' motions to dismiss and file corrected versions addressing the expert report.

12.     Upon learning Defendants' Counsel could not access the expert report, Plaintiff's Counsel immediately furnished Defendants' Counsel with a copy and asked whether Defendants would like to rest on their existing tolling arguments.

13.     Defendants' Counsel did not respond, instead attacking Mr. Holland's expert report for the first time in Defendants' reply briefs.

14.     Because Defendants raised new arguments for the first time on reply, Plaintiff's Counsel concluded a surreply was necessary and appropriate to address them.

15.     Plaintiff's Counsel could not respond to Defendants' new arguments addressing the expert report, and Mr. Holland's entitlement to tolling generally, without detailed reference to Mr. Holland's medical and psychological history.

16.     Thus, when Plaintiff's Counsel filed a surreply in response to Defendant Parr's reply, she did so under seal for the same reasons she filed the expert report under seal. Doc. 18 at 4 n.1.

17.     The substance of this surreply is exactly 20 pages long, including the cover page and table of contents. A signature block and certificate of service is included on the 21st page of the filing. *See* Doc. 18.

---

[1] Plaintiff's Counsel did not realize at the time that filing a document under seal not only prevents the public from viewing it on PACER, but also prevents other parties to the case from viewing it. The undersigned regrets this oversight and, with an accurate understanding of the sealing function on PACER, would have served Defendants' Counsel with a copy as soon as they appeared in the case.

18. Immediately after filing, Plaintiff's Counsel served the surreply on Defendant's Counsel via email with the following note: "Plaintiff just filed the attached surreply under seal, as it recounts the details of Mr. Holland's medical history, as laid out in his expert's sealed report."

19. Defendants' Counsel responded that Defendants intended to file a motion to strike, asserting that Mr. Holland's surreply exceeded the page limit, that it did not contain medical records, and that leave of Court was required before filing a surreply and doing so under seal.

20. Lead Counsel for Mr. Holland was out of the office at the time. Co-counsel responded in her stead, explaining that this Court's rules do not require a motion for leave to file a surreply. Co-counsel also explained: "Regarding filing under seal, we determined this was appropriate because our opposition brief [surreply] describes and quotes from Mr. Holland's medical records--specifically, the affidavit we filed under seal alongside Mr. Holland's complaint."

21. When lead counsel returned to the office, she inquired with Defendants' Counsel about the basis for her position that the surreply was overlength: "As to the length requirement, 7.L of Judge Hanen's procedures specifies that all briefs shall be limited to 20 pages. When you say that the sur-reply is overlength, are you referring to the signature block and certificate of conference that appears on the final page (page 21)?"[2]

22. In addition, she affirmed what her co-counsel had stated about Judge Hanen's rules regarding surreplies, providing Defendants' Counsel with a hyperlink to said rules and pointing her to the relevant sections: "Thank you for reaching out. I echo what my colleague, Brittany has shared. Judge Hanen's rules do not require seeking leave before filing a surreply. See 7.D. and 7.F here:

https://www.txs.uscourts.gov/sites/txs/files/Civil%20Procedures%20%287-2020%29.pdf."

---

[2] Plaintiff's Counsel meant to refer to the certificate of service. There was no certificate of conference, as Mr. Holland was entitled to file a surreply without one.

23. Finally, regarding the issue of filing under seal, Plaintiff's Counsel offered a solution: "With respect to our decision to file the sur-reply under seal to protect Mr. Holland's medical information, we are willing to file a redacted version on the public docket. Let us know if that would address your concern."

24. Defendants' Counsel did not explain the basis for her position that the surreply was overlength.

25. Defendants' Counsel did not engage with Plaintiff's Counsel's read of Judge Hanen's rules regarding surreplies without leave of Court.

26. Defendants' Counsel did not respond to Plaintiff's Counsel's proposed compromise of filing a redacted version of the surreply on the public docket.

27. Instead, Defendants' Counsel filed the motion to strike shortly after Plaintiff's Counsel's last inquiry. Doc. 19.

28. Thereafter, on June 9, 2025, Mr. Holland filed a second surreply, this one in response to arguments Defendant Montemayor raised for the first time on reply. Doc. 21.

29. Because Defendant Montemayor's arguments on reply were largely identical to those of Defendant Parr's, Mr. Holland's second surreply incorporated by reference his prior surreply. Doc. 21.

30. Because this second surreply did not contain confidential medical information, Mr. Holland filed it on the public docket.

31. On June 20, 2025, Defendants filed a motion to strike Mr. Holland's second surreply, reiterating their contention that Mr. Holland was required to seek leave before doing so. Doc. 22. In addition, Defendants assert that this second surreply was untimely. *Id.* at 2.

**LEGAL STANDARD**

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, such motions are viewed with disfavor and are infrequently granted, "[b]oth because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic." *F.D.I.C. v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993).

**ARGUMENT**

**I.     Defendants have not met the legal standard for a motion to strike under Rule 12(f), and the interests of justice warrant denying their motions.**

Defendants have cited no authority establishing that a motion to strike under Rule 12(f) is the proper mechanism for resolving disputes about local rules concerning surreplies, page limits, and filings made under seal. Indeed, Rule 12(f) creates a mechanism for striking a *pleading*, not a legal argument or brief. Fed. R. Civ. P. 12(f). Moreover, Defendants have not established that Mr. Holland's surreplies contain "redundant, immaterial, impertinent, or scandalous matter," which are the only potentially relevant grounds for striking the filing under Rule 12(f). *Id.*

Regardless, this Court should consider the interests of justice. These interests favor Mr. Holland who, without the contested surreplies, would be unable to address Defendants' new arguments for dismissal of his lawsuit, which they raised for the first time in their reply briefs. *See La Union Del Pueblo Entero v. Fed. Emergency Mgmt. Agency,* No. 1:08-CV-487, 2016 WL 6915962, at *5 (S.D. Tex. Apr. 12, 2016) ("The Court finds that the interests of justice favor granting Plaintiffs leave to advance the arguments raised in their proposed surreply."). Moreover, Plaintiff's Counsel has sought, in the face of disagreement, to foster fairness and efficiency by: (1) offering Defendants the chance to withdraw their motions and file corrected versions to

address expert evidence they were not initially aware of; (2) pointing Defendants' Counsel to this Court's rules concerning surreplies and page limitations in the face of disagreement; (3) seeking clarity about Defendants' objections in the hopes of reaching mutual understanding about this Court's rules; (4) explaining Mr. Holland's basis for filing under seal; and (5) offering to file, as a compromise, a redacted version of Mr. Holland's surreply on the public docket.

Rather than engage with Plaintiff's Counsel on these matters, Defendants moved to strike Mr. Holland's surreplies in their entirety. In so doing, Defendants have needlessly pulled this litigation away from the far more important issues raised by the parties' briefing on Defendants' motions to dismiss. *See F.D.I.C.*, 821 F. Supp. at 449 (noting that motions to strike are often a mere "dilatory tactic").

The interests of justice thus favor denying Defendants' motions to strike and, as the Court sees fit, offering any guidance on the proper procedures concerning surreplies, page limitations, and documents filed under seal. Mr. Holland further addresses those procedures below.[3]

**II.     Mr. Holland's surreplies are necessary to address arguments that Defendants made for the first time on reply.**

A surreply is appropriate when, as here, "the movant raises new legal theories or attempts to present new evidence at the reply stage." *ENGlobal U.S. Inc. v. Native Am. Servs. Corp.*, No. CV H-16-02746, 2017 WL 3840262, at *2 (S.D. Tex. Sept. 1, 2017) (citation and internal

---

[3] Defendants' motions to strike also refer, in passing, to a purported attempt by Mr. Holland to "supplement or amend the pleadings" without leave of Court. Doc. 19 at 4; Doc. 22 at 2. The undersigned is not sure what Defendants are alluding to. Had Mr. Holland wished to amend his Complaint, he would have sought leave to do so.

To the extent Defendants take issue with the fact of Mr. Holland's expert report (as opposed to its merits), this is at odds with Defendants' own motions to dismiss, in which they acknowledge that expert evidence is a proper method of proving one is entitled to tolling under TCPR §16.001. *See* Doc. 8 at 6 (citing *Rollins v. S. Baptist Convention*, 628 S.W.3d 583, 590 (Tex. App.—Houston [1st Dist.] 2021, no pet.)); Doc. 9 at 6 (same).

quotation marks omitted); *Salomon v. Wells Fargo Bank*, No. EP-10-CV-106-KC, 2010 WL 2545593, at *2 (W.D. Tex. June 21, 2010) (granting motion for leave to file a surreply based on one case cited for the first time in reply); *Duarte v. St. Paul Fire & Marine Ins. Co.*, No. EP-L4-CV-305-KC, 2015 WL 12910213, at *1 (W.D. Tex. Aug. 28, 2015) (granting motion for leave to file a surreply to permit plaintiff to respond to "newly contested matters raised for the first time" in reply).

Defendants Parr and Montemayor argued for the first time on reply that Mr. Holland's expert report was insufficient to support his allegations that he was of unsound mind at the time Defendants assaulted him. Doc. 16 at 4–5; Doc. 17 at 6–7. Without filing a surreply, Mr. Holland would not have had an opportunity to address these arguments at all. This is precisely the sort of procedural inefficiency Plaintiff's Counsel sought to avoid by conferring with Defendants' Counsel about what appeared to be a genuine misunderstanding, whereby Defendants were not aware of Mr. Holland's expert report before filing their motions to dismiss.

As detailed *supra*, upon realizing that Defendants had not addressed the expert report in their motions to dismiss, Plaintiff's Counsel proposed that Defendants withdraw their motions and file corrected versions addressing this evidence. Plaintiff's Counsel believed this solution would be the fairest and most efficient way to resolve the misunderstanding. Indeed, it would have given Defendants a chance to address the expert report in their Rule 12(b)(6) motions, while ensuring that Mr. Holland would have the opportunity to respond in his opposition brief, rather than through a surreply. Unfortunately, Defendants disregarded this proposal, necessitating a surreply.

In his surreplies, Mr. Holland also addressed several other arguments and mischaracterizations that Defendants raised for the first time in their reply briefs. For example,

Defendants argued that TCPR §16.001, which governs tolling of the statute of limitations, is limited to claims brought under the Medical Liability Act. This assertion was incorrect, and Mr. Holland would have been unduly prejudiced without the opportunity to address it. Doc. 18 at 5–6 (explaining that, as the Fifth Circuit recognized in *Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987), TCPR §16.001 applies to Section 1983 claims); *see id.* at 3–5 (detailing other arguments and mischaracterizations of fact and law that Defendants raised for the first time on reply).

For these reasons, a surreply was necessary to adequately apprise the Court on contested issues and to avoid undue prejudice to Mr. Holland.

**III. Under the rules articulated in Judge Hanen's Civil Procedures, Mr. Holland was permitted to file a surreply without an accompanying motion for leave. Moreover, Mr. Holland's second surreply was not untimely.**

Defendants Parr and Montemayor contend that neither the "Federal Rules of Civil Procedure nor the Local Rules" authorize Mr. Holland to file a surreply. Doc. 19 at 2. This assertion is incorrect. Judge Hanen's Civil Procedures expressly permit surreplies without leave of Court. *See* Sections 7.D and 7.F of Judge Andrew S. Hanen's Civil Procedures.

Section 7.D of Judge Hanen's Civil Procedures provide that "[a] sur-reply may be filed as per the local rules; but the Court will not wait on a sur-reply to rule." Judge Andrew S. Hanen's Civil Procedures. The local rules of the Southern District of Texas are incorporated by reference, but provide no guidance on surreplies. Fortunately, Section 7.F of Judge Hanen's Civil Procedures offers clarity: "*After* the motion, response, reply, and sur-reply are filed, the Court will not entertain any additional or supplemental filings unless they are accompanied by a motion for leave to file." Judge Andrew S. Hanen's Civil Procedures (emphasis added).

Plaintiff's Counsel thus understands this Court's rules to permit surreplies without an accompanying motion for leave. Defendants have not proposed an alternate reading, instead citing to the opinions of other judges in the district, some of whom require leave of court before filing a surreply. Doc. 19 at 2. However, like Judge Hanen, those judges are entitled to set their own procedures so long as they do not conflict with the Federal Rules of Civil Procedure. Because the federal rules are silent on surreplies, this Court is free to apply its own procedures, even if they differ from those of other judges in this district.

Accordingly, Defendants' motions to strike Mr. Holland's surreplies cannot be granted on this basis. Should this Court conclude that a motion for leave was required, Plaintiff is ready and willing to file one.

Defendants also contend in their second motion to strike that Mr. Holland's second surreply was untimely. Doc. 22 at 1–2. They cite no authority for this proposition. Neither the local rules for the Southern District of Texas nor Judge Hanen's Civil Procedures specify a deadline for filing a surreply. Rather, Section 7.D of Judge Hanen's Civil Procedures appear to suggest that a surreply can be filed at any time, but that the Court "will not wait on a sur-reply to rule." Because the Court has not yet ruled on Defendants Montemayor's motion to dismiss—the motion to which Mr. Holland's second surreply pertains—Mr. Holland's second surreply should not be stricken on timeliness grounds.

## IV.   Mr. Holland's surreply complied with this Court's procedures limiting briefs and legal memoranda to 20 pages.

Defendants next contend that Mr. Holland's first surreply was overlength and that he was required to file a motion for leave to exceed the Court's page limitation. Doc. 19 at 2. This argument is similarly misguided.

12

Section 7.L.1 of Judge Hanen's Civil Procedures provides: "All briefs, legal memorandum, motions, and pleadings of any kind shall be limited to 20 pages, unless permitted by the Court to exceed this limit." The substance of Mr. Holland's first surreply is exactly 20 pages, including the cover page and table of contents. Before Defendants filed their instant motions, Plaintiff's Counsel asked Defendants' Counsel if her concern was that the signature block and certificate of service appeared on the 21st page of Mr. Holland's filing. Defendants' Counsel did not respond. Defendants' motion to strike only confuses the issue further, as it refers to "a 25-page limit imposed by the Court's procedures" without a citation to the procedures relied upon. Doc. 19 at 1.

Whether the limit was 20 pages or 25 pages, the substance of Mr. Holland's surreply did not exceed it. Nonetheless, Plaintiff's Counsel understands that reasonable minds can differ on this question, given that the signature and certificate of service appears on a 21st page. If the Court rules this was improper, Plaintiff's Counsel will heed this guidance in future filings.

**V.  Mr. Holland's first surreply was properly filed under seal and, in the event the Court disagrees, Defendants' concern can be adequately addressed by the filing of a redacted version on the public docket.**

Defendants Parr and Motemayor argue that Mr. Holland improperly filed his first surreply under seal without first seeking leave of Court. Defendants also assert that the surreply contains no confidential information. Doc. 19. Both claims are factually and legally incorrect.

Mr. Holland's surreply contains sensitive medical information drawn from Dr. Jennifer Hughes's expert report, which was previously filed under seal without objection. Doc. 4; Doc. 18 at 11–13.

While there is a "presumption of openness" in judicial proceedings, this presumption may be overcome where sealing is "essential to preserve higher values and is narrowly tailored

13

to serve that interest." *Doe v. Beaumont Indep. Sch. Dist.*, 615 F. Supp. 3d 471, 504 (E.D. Tex. 2022) (citation omitted). Courts have thus recognized that protecting personal medical information constitutes a valid and overriding interest that justifies sealing. *Id.* Courts "routinely find" that protecting private medical records outweighs the public's interest in access. *Id.*

Mr. Holland's surreply is narrowly tailored to preserve the "higher value" of protecting personal privacy when it comes to medical records. Contrary to Defendants' assertions, Mr. Holland did not seek blanket sealing of all briefing on the question of tolling, nor does he rely on vague privacy concerns. Rather, Mr. Holland's surreply includes specific, sensitive medical information essential to respond to Defendants' arguments against tolling of the statute of limitations. *See* Doc. 18.

Given that (1) the surreply draws heavily from a previously sealed expert report, and (2) personal and highly sensitive medical details are discussed therein, filing the surreply under seal was proper. When Defendants' Counsel shared her differing view, Plaintiff's Counsel offered to file a redacted version on the public docket. This compromise that would have addressed Defendants' public access concerns while protecting Mr. Holland's medical privacy. It also would have saved the parties and the Court from unnecessary litigation on an ancillary matter. Unfortunately, Defendants' Counsel did not respond to Plaintiff's Counsel's offer of compromise. Instead, Defendants moved to strike the filing altogether. *See* Doc. 19.

Notably, Defendants appear to concede that redaction would have resolved their concern, but omit the fact that Plaintiff's Counsel offered to do exactly that to avoid litigation on a motion to strike. *See* Doc. 19 at 4 ("The law does not justify blanket sealed filings where reactions [sic] can serve the same purpose of preserving any confidential information."); *supra* ¶ 23 ("With respect to our decision to file the sur-reply under seal to protect Mr. Holland's medical

14

information, we are willing to file a redacted version on the public docket. Let us know if that would address your concern.").

Defendants' motion to strike to Mr. Holland's surreply cannot be granted on the basis that it was filed under seal. Contrary to Defendants' assertions, Mr. Holland's surreply contains detailed medical information that he should be entitled to keep confidential. Defendants' public access concerns can be adequately remedied through a redacted filing.

## CONCLUSION

For the foregoing reasons, Plaintiff Terrence Lamont Holland respectfully requests that the Court deny Defendants' motions to strike in their entirety.

Respectfully submitted this 24th day of June, 2025,


**/s/ Shirley LaVarco**
Shirley LaVarco (S.D. Tex. Bar No. 3837906)
shirley@peoplescounsel.org
Brittany Francis*
brittany@peoplescounsel.org
Peoples' Counsel
1900 W. Gray Street
P.O. Box 130442
Houston, TX 77219
Telephone: (713) 487-9809
* Attorney-in-Charge. Admitted to practice in Texas (Bar No. 24141616), New York (Bar No. 5337555), and the District of Columbia (Bar No. 90008960).


Leonard J. Laurenceau (*pro hac vice* forthcoming)†
leo@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave. NW, Suite 800
Washington, D.C. 20009
Telephone: (202) 844-4975
Facsimile: (202) 410-8938
† Admitted to practice in Florida (Bar No. 106987), New York (Bar No. 5772231) and the District of Columbia (Bar No. 90007729).

*Counsel for Plaintiff*


**CERTIFICATE OF SERVICE**

I certify that on June 24, 2025, a true and correct copy of this document was properly served on counsel of record via electronic filing in accordance with the United States District Court for the Southern District of Texas Procedures for Electronic Filing.


/s/ Shirley LaVarco
*Counsel for Plaintiff*