UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TERRENCE LAMONT HOLLAND,<br><br>                   Plaintiff,<br><br>v.<br><br>ANTONIO JOSE OTERO,<br>AARON PARR,<br>LUCIA GRACIA,<br>JOHN C. FISHER,<br>R. HERNANDEZ, and<br>JULIAN M. MONTEMAYOR,<br><br>                  Defendants. | Case No. 4:25-cv-373 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS OTERO, GRACIA, FISHER, AND HERNANDEZ'S MOTIONS TO DISMISS**

# **TABLE OF CONTENTS**

| | |
|---|---:|
| **NATURE AND STAGE OF THE PROCEEDING** | 3 |
| **ISSUED PRESENTED** | 4 |
| **SUMMARY OF THE ARGUMENT** | 4 |
|     I. Arguments addressed previously, in response to Defendants Parr and Montemayor's motions to dismiss. | 5 |
|     II. Arguments not previously raised by Defendants Parr and Montemayor. | 7 |
| **ARGUMENT** | 8 |
|     I. Mr. Holland's claims are cognizable under the Fourteenth Amendment. | 8 |
|     II. Mr. Holland has plausibly alleged that Defendants made non-testimonial false statements in furtherance of their conspiracy to fabricate evidence, in violation of the Fourteenth Amendment. Defendants are not entitled to absolute immunity. | 10 |
|     III. Defendant Fisher's status as a police supervisor does not shield him from individual liability for constitutional violations he participated in personally, as a principal actor, co-conspirator, and bystander. | 13 |
|     IV. Mr. Holland has standing to assert a conspiracy claim against Defendant Fisher because Defendant Fisher participated in a conspiracy to fabricate evidence against Mr. Holland, and this caused Mr. Holland's injuries. | 14 |
| **CONCLUSION** | 16 |

## NATURE AND STAGE OF THE PROCEEDING

This is a Section 1983 action by Terrence Lamont Holland against Antonio Jose Otero, Aaron Parr, and Lucia Gracia—three officers and former officers of the Houston Police Department (HPD) who, after stopping Mr. Holland for a minor traffic violation, brutally beat him and repeatedly drive-stunned him with a TASER. Mr. Holland also brings claims against HPD Officer R. Hernandez and former HPD Officer Julian M. Montemayor, who made no effort to stop their colleagues' brutal attack, and, alongside Sergeant John C. Fisher, conspired to help cover up their misconduct. The Complaint (Doc. 1) alleges that Defendants violated Mr. Holland's Fourth Amendment right to be free from excessive force and, pursuant to a civil conspiracy, his Fourteenth Amendment right to be free from fabricated evidence.

Defendants Parr and Montemayor filed motions to dismiss on April 18 and April 22, 2025, respectively. Docs. 8, 9. Those motions have been fully briefed by the parties. Docs. 13, 14 (Pl.'s Opp'ns); 16, 17 (Defs.' Replies); 18, 21 (Pl.'s Surreplies). Thereafter, Defendants Hernandez and Fisher filed motions to dismiss on July 14 and July 15, 2025, respectively. Docs. 26, 27. Given the nature of Mr. Holland's allegations, Defendants Parr, Montemayor, Hernandez, and Fisher raised substantially overlapping, and often identical, arguments. Anticipating further overlap from the remaining two Defendants and in an effort to reduce inefficiencies, Plaintiff filed a consent motion to modify the motion and briefing schedule. Doc. 31. This Court granted Plaintiff's motion, permitting Defendants Otero and Gracia to file a motion to dismiss (whether individually or jointly) on August 15, 2025, and permitting Plaintiff to respond to all arguments raised by Defendants Hernandez, Fisher, Otero, and Gracia in a single brief 21 days thereafter. Doc. 32.

Defendants Otero and Gracia filed a joint motion to dismiss on August 15, 2025. Doc. 33. Accordingly, Plaintiff's instant response is principally concerned with those arguments and

authorities raised by Defendants Hernandez, Fisher, Otero, and Gracia that were not already raised by Defendants Parr and Montemayor. For those arguments already raised by Defendants Parr and Montemayor, Plaintiff respectfully incorporates by reference his prior briefing, as applied to Defendants Hernandez, Fisher, Otero, and Gracia. *See* Docs. 13, 14, 18, 21.

## ISSUED PRESENTED

(1)  Whether Plaintiff Terrence Holland's claims are cognizable under the Fourteenth Amendment, as interpreted by the Fifth Circuit in *Cole v. Carson*, which held that there is a substantive due process right to be free from the deliberate fabrication of evidence, where, as here, the Fourth Amendment would not otherwise provide a remedy.

(2)  Whether this Court should reject Defendant Fisher's invocation of absolute immunity for false written and verbal statements made pretrial and outside of the grand jury room, based on controlling Supreme Court and Fifth Circuit precedent establishing no such immunity applies.

(3)  Whether this Court should reject Defendant Fisher's attempt to escape liability for constitutional violations he participated in knowingly and personally, by making and endorsing false statements to procure a false charge against Mr. Holland.

(4)  Whether this Court should reject Defendant Fisher's attempt to escape liability for Mr. Holland's injuries by disclaiming the relationship between his own false statements—made in furtherance of an unconstitutional conspiracy—and the unjust prosecution Mr. Holland was forced to endure as a result of this conspiracy and fabrication.

## SUMMARY OF THE ARGUMENT

In their motions to dismiss (the "instant motions"), Defendants Hernandez, Fisher, Otero, and Gracia mischaracterize Mr. Holland's claims and fail to grapple with controlling precedent. They do so in much the same ways as Defendants Parr and Montemayor did in their motions,

which have been fully briefed. Rather than address each of Defendants' overlapping arguments in detail, Mr. Holland offers a brief summary of the issues addressed in prior briefing, followed by a summary of new issues.

### I. Arguments addressed previously, in response to Defendants Parr and Montemayor's motions to dismiss.[1]

First, regarding tolling, Mr. Holland has explained that, under black-letter Texas law, if a claimant "is under a legal disability" that makes them "of unsound mind" when "the cause of action accrues, the time of the disability is not included in a limitations period." Doc. 14 at 7–8 (citing TCPR § 16.001(b)); (citing § 16.001(a)(2)). Mr. Holland expressly invokes this tolling provision in his Complaint, and alleges multiple disabilities, present from the time of Defendants' assault, that prevented him from vindicating his rights. Doc. 14 at 8 (quoting Doc. 1 at 4 n.3). Mr. Holland's pleadings make out a *prima facie* case for tolling, which is all that is required at the motion to dismiss stage. *Id.* at 8–9 (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Doe v. St. Stephen's Episcopal Sch.*, No. CIV.A. C-08-299, 2008 WL 4861566, at *8 (S.D. Tex. Nov. 4, 2008)).

In addition, as a show of good faith, Mr. Holland offered an expert opinion that supports his allegations. *Id.* at 9–10 (discussing Doc. 4, Expert Affidavit of Dr. Jennifer Hughes); Doc. 18 at 11–13 .[2] Because Defendants have failed to "conclusively negate" Mr. Holland's entitlement to tolling, they are not entitled to dismissal on that basis. *Id.*

---

[1] This section is intended not as a comprehensive summary, but merely one sufficient to aid the Court in reviewing the instant motions, and to lay a foundation for addressing issues newly raised therein.

[2] Defendants continue to assert, without basis, that Mr. Holland's expert evidence addresses only physical disabilities. Doc. 33 at 8. This is false. *See* Doc. 18 at 12 (recounting Dr. Hughes's discussion of Mr. Holland's functional impairments, which are cognitive in nature).

Second, Defendants are wrongly attempting to recast Mr. Holland's fabrication claims as claims for false arrest or malicious prosecution that he never raised. The latter two claims are not available to Mr. Holland under the Fourth Amendment, and the Fifth Circuit has held that, in such circumstances, the Fourteenth Amendment must bridge the gap. Doc. 14 at 31; Doc. 18 at 14–17. Claims for false arrest and malicious prosecution require the total absence of probable cause—an element which Mr. Holland cannot satisfy because Defendants had arguable probable cause to arrest him for a traffic violation. *Id.*[3] Accordingly, Defendants are wrong that the Fourth Amendment controls here. Mr. Holland has properly brought a Fourteenth Amendment claim.

Whether or not officers have probable cause for an arrest, the constitution prohibits officers from fabricating evidence to charge a person with another, far more serious crime: here, for Mr. Holland, assault on an officer. *Id.*; *see also* Doc. 18 at 19 (explaining that the independent intermediary doctrine "becomes relevant" only when "a plaintiff's claims depend on a lack of probable cause," which is not true of Fourteenth Amendment fabrication claims) (quoting *Green v. Thomas*, 129 F.4th 877, 888 (5th Cir. 2025)).

As the Fifth Circuit explained in *Cole v. Carson*: "To hold that police officers, having lawfully arrested a suspect, are then free to fabricate false [evidence] at will, would make a mockery of the notion that Americans enjoy the protection of due process of the law and fundamental justice." 802 F.3d 752, 773 (5th Cir. 2015). Accordingly, it joined its sister Circuits in recognizing a Fourteenth Amendment substantive due process right to be free from the deliberate fabrication of evidence. *Id.* That is the right that Mr. Holland seeks to vindicate here.

---

[3] In addition, at the time of Defendants' misconduct, the Fifth Circuit did not recognize a Fourth Amendment right to be free from malicious prosecution at all. Doc. 18 at 15–16 (discussing *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) and related precedent).

**II.   Arguments not previously raised by Defendants Parr and Montemayor.**

In addition to the points summarized above, with this brief Mr. Holland responds to Defendants' new arguments, as follows.

First, Mr. Holland addresses Defendants Otero and Gracia's confusion about whether his injuries are cognizable under the Fourteenth Amendment. Specifically, Defendants make light of the reputational harm they caused Mr. Holland, and ignore his claims for financial losses, including legal fees stemming from Defendants' fabrication of evidence. As the Fifth Circuit acknowledged in *Cole*, "[b]eing framed and falsely charged brings inevitable damage to the person's reputation, especially where, as here, the crime is a felony involving the threat of violence." 802 F.3d at 772. Such claims for damages are cognizable under the Fourteenth Amendment, and recoverable under Section 1983, as are the emotional and financial losses incurred in "mount[ing] a defense," and being forced to submit to a court of law to answer for a crime one did not commit. *Id.* As Mr. Holland explains, *Cole* also dispenses with Defendants' misplaced citation to *Albright v. Oliver*, 510 U.S. 266 (1994), Doc. 33 at 14–16, a fractured Supreme Court opinion with "limited" relevance to the Fourteenth Amendment. 802 F.3d at 765–66. *Cole* specifically held that *Albright* does not control in circumstances like those at issue here—where Defendants acted *deliberately* to fabricate evidence, and where the Fourth Amendment offers no remedy. *Id.*

Mr. Holland then addresses arguments raised only by Defendant Fisher, including his contention that he is absolutely immune from liability for his and his fellow officers' falsehoods. The cases that Defendant Fisher cites pertain only to testimonial statements made at trial or to a grand jury. *See* Doc. 33 at 17 (citing *Briscoe v. LaHue*, 460 U.S. 325, 325-26 (1983); *Geter v. Fortenberry*, 849 F.2d 1550, 1558 (5th Cir. 1988)). Both the Supreme Court and the Fifth Circuit have been clear that police officers are not absolutely immune from liability for false statements

made "pretrial" and "outside of the grand jury room," including through "false affidavits." *See, e.g.*, *Armstrong v. Ashley*, 60 F.4th 262, 275–76 (5th Cir. 2023); *Rehberg v. Paulk*, 566 U.S. 356, 370 n.1 (2012). They have also been clear that pretrial fabrication of evidence is "not immunized by later testimony." *Armstrong*, 60 F.4th at 275–76.

Next, Mr. Holland addresses Defendant Fisher's supervisory liability arguments by explaining that Mr. Holland's claims do not depend on a theory of vicarious liability. Rather, Mr. Holland seeks to hold Defendant Fisher liable for knowingly making and endorsing false statements in furtherance of a conspiracy to cover up excessive force, and in violation of the Fourteenth Amendment. In other words, Defendant Fisher is liable not because of his supervisory status, but for constitutional violations he participated in *personally*, as a principal fabricator, co-conspirator, and a bystander to fabrication.

Finally, Defendant Fisher argues that Mr. Holland lacks standing because his injuries are purportedly not traceable to Defendant Fisher's actions. In so doing, he misunderstands both Mr. Holland's allegations and the governing law on conspiracy. Under Fifth Circuit precedent, a plaintiff need not prove that a particular conspirator's actions were the cause-in-fact of his injuries. *Bevill v. Fletcher*, 26 F.4th 270, 284 (5th Cir. 2022). Rather, he need only plausibly allege facts that, if true, show that defendants agreed to violate his rights, that plaintiff's constitutional rights *were* violated as a result of defendants' conspiracy, and that this violation caused his injuries. Mr. Holland has done just that.

## ARGUMENT

**I. Mr. Holland's claims are cognizable under the Fourteenth Amendment.**

All Defendants misunderstand (or hope to avoid) the Fifth Circuit's holding and reasoning in *Cole*, where the Court recognized a substantive due process right to be free from the

deliberate fabrication of evidence under the Fourteenth Amendment. *See* Doc. 14 at 26–28; Doc. 18 at 14–19.

Defendants Otero and Gracia build on that same theme by attempting to recast Mr. Holland's fabrication claim as one for "defamation or slander" and making light of the reputational harm Mr. Holland alleges. Doc. 33 at 17. The Fifth Circuit is not so dismissive: "Being framed and falsely charged brings inevitable damage to the person's reputation, especially where, as here, the crime is a felony involving the threat of violence." *Cole*, 802 F.3d at 772. That is in addition to the costs and turmoil endured when one is required to "mount a defense" and "place[d] . . . in the power of a court of law." *Id.* Moreover, the harm the Fifth Circuit sought to deter in *Cole* reached beyond the individual, to some of the most "strongly held values of our nation," including "fair play," "decency," and "ordered liberty." *Id.*[4] Defendants' disregard for these values and for Fifth Circuit precedent caused Mr. Holland to suffer a range of injuries and losses, both financial and emotional. Doc. 1 ¶ 97 ("Mr. Holland was forced to defend himself against falsified evidence of a crime he did not commit. This caused him additional emotional and dignitary harm, wrongful deprivations of liberty, and financial losses."); *id.* ¶ 92 (alleging that Defendants' constitutional violations cost him "legal expenses"). The Fourteenth Amendment demands a remedy. *See Cole*, 802 F.3d at 772.

Defendants ignore *Cole* entirely in their invocation of *Albright*. *See* Doc. 33 at 18 ("If the alleged manufactured evidence leads only to an arrest and not a trial, the plaintiff must seek

---

[4] For similar reasons, Defendants' contention that Mr. Holland has not identified "what process he was due," and what they "did to deprive him" of it, is false. *See* Doc. 33 at 16–17. *Cole* expressly grounded its reasoning in the "right to a fair trial," and "rejected the idea that 'the specific constitutional rights guiding a criminal trial spend their force in assuring a fair trial.'" 802 F.3d at 767 (quoting *Castellano*, 352 F.3d at 956); *see also id.* at 772 ("We agree with the Second Circuit that official framing of a person in these circumstances,"—i.e., to cover up excessive force, even in the case of dismissal or deferred adjudication—"undermines the right to a fair trial.").

recovery under the Fourth Amendment." (citing *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (cleaned up)). However, the Fifth Circuit addressed *Albright* head-on in *Cole*, describing its reach as "limited" when it comes to the Fourteenth Amendment, and noting the fractured nature of the Supreme Court's opinion in that case. *Cole*, 802 F.3d at 766. Moreover, the Fifth Circuit explained, the allegations in *Cole* "differ[ed] in two important ways," from those in *Albright*. *Id.* First, while *Albright* involved potentially "*misleading*" evidence, "there was no suggestion" of "*deliberate* fabrication." *Id.* (emphases added). This state of mind was critical to the Court's holding that defendants' intentional falsehoods, geared towards a cover up, "shock[ed] the conscience." *Id.* Second, unlike the victim in *Cole*, the plaintiff in *Albright* had a viable claim under the Fourth Amendment; he simply chose not to avail himself of it. In other words, while substantive due process is not a first line of defense, it provides a critical stopgap when necessary to protect "due process of law and fundamental justice." *Id.* Such is the case here.

II. **Mr. Holland has plausibly alleged that Defendants made non-testimonial false statements in furtherance of their conspiracy to fabricate evidence, in violation of the Fourteenth Amendment. Defendants are not entitled to absolute immunity.**

Mr. Holland alleges that all Defendants "made or endorsed false or misleading statements" for the purpose of obtaining a false charge against him, and that they did so pursuant to a conspiracy to cover up their excessive force violations (or, in the case of Defendant Fisher, to cover up the excessive force violations of his fellow officers).[5] Specifically, Mr. Holland alleges that Defendants made false verbal statements, including to the Harris County District Attorney's Office ("HCAO"), and that they falsified their written reports and supplements, as

---

[5] Doc. 1 ¶¶ 84–87 (Otero); *id.* ¶ 88 (Parr, Gracia, Hernandez, and Montemayor), *id.* ¶¶ 89–90 (Fisher); *id.* ¶¶ 91, 111 (all Defendants); *see Vela v. Lewis*, No. 4:23-CV-03376, 2024 WL 990058, at *4 (S.D. Tex. Mar. 6, 2024).

well as a probable cause affidavit.[6] Defendants' fabrication efforts were successful, leading prosecutors to charge Mr. Holland with assault on an officer, in a case that was later dismissed.[7]

It is on this basis that Mr. Holland seeks relief under the Fourteenth Amendment, both for fabrication of evidence and for a conspiracy in furtherance of the same. *See Cole*, 802 F.3d at 773 (holding that when it comes to fabrication, where "the Fourth Amendment is unavailing," substantive due process principles fill the remedial gap).[8] Thus, while Defendants are correct that "there is no right to a completely accurate police report," Doc. 33 at 17, there *is* a clearly established right to be free from false charges based on deliberately fabricated evidence. *See Cole*, 802 F.3d at 772 ("'[I]f any concept is fundamental to our American system of justice, it is that those charged with upholding the law are prohibited from deliberately fabricating evidence and framing individuals.'" (quoting *Limone v. Condon*, 372 F.3d 39, 44–45 (1st Cir. 2004)).

Defendants Otero and Gracia assert absolute immunity for false verbal statements made to HCAO, but this defense is not available to them.[9] In support, they cite *Briscoe* and *Geter*, which held only that police officers, like other witnesses, cannot face civil damages for *false testimony at trial*. *See* Doc. 33 at 17 (citing *Briscoe v. LaHue*, 460 U.S. 325, 325-26 (1983); *Geter v. Fortenberry*, 849 F.2d 1550, 1558 (5th Cir. 1988)). True, the Supreme Court has since

---

[6] Doc. 1 ¶¶ 82–91, 111.
[7] Doc. 1 ¶¶ 82–91 & n.5; *see* Doc. 14 at 27 ("To state a claim for fabrication of evidence, a plaintiff must show that (1) the defendants fabricated statements or other evidence, (2) for the purpose of obtaining a charge against the plaintiff, and (3) that the fabricated evidence influenced the decision to charge." (citing *Vela v. Lewis*, No. 4:23-CV-03376, 2024 WL 990058, at *4 (S.D. Tex. Mar. 6, 2024)).
[8] *See also* Doc. 18 at 15 (explaining that Fourth Amendment claims for false arrest and malicious prosecution are not available to Mr. Holland because as was true of the victim in *Cole*, the police had arguable probable cause to arrest him for another crime, in this case a traffic violation); *id.* at 15–16 (explaining that a claim for malicious prosecution is also unavailable to Mr. Holland because, at the time of Defendants' misconduct, the Fifth Circuit did not recognize a Fourth Amendment right to be free from malicious prosecution at all).
[9] While the other four Defendants did not raise absolute immunity as a defense, such arguments would have failed for the same reasons discussed here.

extended absolute immunity to officers who give false testimony at grand jury proceedings, but it left in place a civil remedy for officers who fabricate evidence "outside of the grand jury room." *Rehberg*, 566 U.S. at 370 n.1 ("Of course, we do not suggest that absolute immunity extends to *all* activity that a witness conducts outside of the grand jury room."). Officers who "falsify affidavits," or otherwise "fabricate evidence concerning an unsolved crime" are not absolutely immune. *Id*. (citing *Kalina v. Fletcher*, 522 U.S. 118, 129–131 (1997); *Malley v. Briggs*, 475 U.S. 335, 340–345 (1986); *Buckley v. Fitzsimmons*, 509 U.S. 259, 272–76 (1993)). And, as the Fifth Circuit noted in *Armstrong*, "[P]re-trial evidence of fabrication independent from preparing and delivering testimony is not immunized by later testimony." 60 F.4th at 275–76.

In sum, Mr. Holland's fabrication claims are not based on allegations that Defendants gave false testimony, whether in the grand jury room or at trial. Rather, they are based on false verbal and written statements outside of any judicial proceeding. Thus, Defendants' invocation of absolute immunity must fail. That said, two additional points of law are worth noting. First, the Fifth Circuit has made clear that while perjured grand jury testimony cannot be the basis for a Section 1983 claim, it *can* be used as evidence to support one. *See Wilson v. Stroman*, 33 F.4th 202, 212 n.7 (5th Cir. 2022) ("[R]elying on a grand jury witness's testimony to prove [in a false arrest case] that the grand jury deliberations were tainted is not the same as bringing a claim against a witness for such testimony."). Thus, *Rehberg* would not prevent Mr. Holland from proving, for example, that Defendants' had the requisite intent by pointing to their grand jury testimony.

Second, even in the limited circumstances where absolute immunity protects defendant-officers from suits for *damages*, absolute immunity cannot support dismissal of claims for *declaratory* relief. *Chrissy F. by Medley v. Miss. Dep't of Pub. Welfare*, 925 F.2d 844, 849

(5th Cir. 1991) ("Neither absolute nor qualified personal immunity extends to suits for injunctive or declaratory relief under § 1983."); *see* Doc. 1 ¶ 117 (respectfully requesting the Court issue a "declar[ation] that Defendants violated Mr. Holland's constitutional rights").

**III.   Defendant Fisher's status as a police supervisor does not shield him from individual liability for constitutional violations he participated in personally, as a principal actor, co-conspirator, and bystander.**

Mr. Holland agrees with Defendant Fisher that supervisors cannot be held liable for the actions of their subordinates based on a theory of vicarious liability. Doc. 27 at 10. That is why Mr. Holland did not at all rely on vicarious liability or Defendant Fisher's supervisory role to make out his claims of fabrication and conspiracy. Rather, Mr. Holland alleges that Defendant Fisher knowingly "made and endorsed" false statements to cover up his fellow officers' excessive force violations. *See Vela*, 2024 WL 990058, at *4; Doc. 1 ¶¶ 89–90. Moreover, Mr. Holland alleges that Defendant Fisher "was on notice" that the statements his fellow officers made in their incident reports were false because he "reviewed their bodyworn camera footage." Doc. 1 ¶ 89.

Despite this awareness, rather than intervening in his fellow officers' unconstitutional cover up, Defendant Fisher joined in "by signing off on the Defendant Officers' falsified reports" and by "regurgitating their misrepresentations in *his own* report." *Id.* ¶ 90 (emphasis added). Mr. Holland thus seeks to hold Defendant Fisher liable as a principal fabricator, co-conspirator, and a bystander to fabrication—not on the basis of supervisory or vicarious liability. *See* Doc. 14 at 26–30 (discussing each theory); *id.* at 28 ("An officer can also be held liable for failing to intervene in another officer's fabrication of evidence, provided he was (1) present when the fabricated statements were made and (2) had a reasonable opportunity to intervene, but (3) chose not to do so." (citing *Vela*, 2024 WL 990058, at *6)); *id.* ("In addition, officers who endorse or

acquiesce to fabricated statements can be held liable for the same conduct on a civil conspiracy theory." (citing *Vela*, 2024 WL 990058, at *7)).

To the extent that Defendant Fisher takes issue with Mr. Holland's reference to his responsibilities to report misconduct, this reference was not an invocation of supervisory liability, Doc. 27 at 11, but an illustration of what a reasonable officer in Defendant Fisher's circumstances would have done. *See* Doc. 1 ¶ 90. Moreover, Mr. Holland makes no special reference to Defendant Fisher's rank at all in Count III, which is the only claim against him. *Id.* ¶ 111.

To be sure, Mr. Holland's allegations do raise an inference that Defendant Fisher "act[ed], or fail[ed] to act, with deliberate indifference to violations of [Mr. Holland's] constitutional rights committed by [Fisher's] subordinates," such that he may *also* be liable on the basis of supervisory liability. *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 254 (5th Cir. 2005) Discovery may very well reveal that to be the case. But, in the interim, Mr. Holland raises no such supervisory liability claim and his other claims do not depend on such an inference. Instead, his claims are grounded in Defendant Fisher's personal, affirmative participation in the misconduct alleged. *See Gates v. Texas Dep't of Protective & Regul. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008) ("A supervisory official may be held liable under § 1983 only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury.").

**IV.   Mr. Holland has standing to assert a conspiracy claim against Defendant Fisher because Defendant Fisher participated in a conspiracy to fabricate evidence against Mr. Holland, and this caused Mr. Holland's injuries.**

Defendant Fisher, like his co-Defendants, seeks to avoid the Fifth Circuit's jurisprudence on civil conspiracy, which makes clear that a plaintiff need not offer evidence of an explicit

agreement, and can prove such an agreement through circumstantial evidence. Doc. 14 at 28 (citing *Mack v. Newton*, 737 F.2d 1343, 1350–51 (5th Cir. 1984); *Zervas v. Faulkner*, 861 F.2d 823, 836 (5th Cir. 1988)). Moreover, Defendant Fisher ignores Fifth Circuit precedent establishing that a plaintiff need not prove a particular conspirator's actions were the cause-in-fact of the plaintiff's injuries. *Id.* (citing *Bevill*, 26 F.4th at 284. Rather, a plaintiff need only plausibly allege facts that, if true, show that defendants agreed to violate his rights, that plaintiff's constitutional rights *were* violated as a result of defendants' conspiracy, and that this violation caused the plaintiff's injuries. *See* Doc. 14 at 26–30. As addressed in previous briefing, Mr. Holland has done just that. *Id.*

Defendant Fisher is mistaken that his regurgitation of his fellow officers' false statements in *his own report* is somehow disconnected from the violations and resulting harms that Mr. Holland suffered. *See* Doc. 27 at 12 ("Plaintiff can show no plausible injury traceable to Sergeant Fisher's challenged actions."). To the contrary, Mr. Holland has plausibly alleged that Defendant Fisher's fabrication and conspiracy led a prosecutor to charge Mr. Holland with assault on an officer—a crime he did not commit.

Specifically, Mr. Holland alleged as follows: (1) "Otero falsely claimed in his written reports that Mr. Holland assaulted him," Doc. 1 ¶¶ 84–86; (2) Fisher was "on notice" of Defendants' falsehoods because he "reviewed their bodyworn camera footage," but nonetheless chose to "conspire[] in [his fellow officers'] misconduct by signing off on [their] falsified reports and regurgitating their misrepresentations in his own report," *id.* ¶¶ 89–90; (3) "Defendant Otero, with the acquiescence or assistance of his fellow Defendants, pursued criminal charges against Mr. Holland, bolstered by the evidence they fabricated," *id.* ¶ 91; and (4) "the charges against Mr. Holland were ultimately dismissed, but not before Mr. Holland was made to endure a

prosecution predicated on falsehoods and designed to cover up Defendants' own violence," *id.* ¶ 91 n.5.

For these reasons, Defendant Fisher's argument that Mr. Holland lacks standing to assert a conspiracy claim against him must fail.

## CONCLUSION

For the foregoing reasons, and those articulated in his prior briefing, incorporated by reference, Plaintiff Terrence Lamont Holland respectfully requests that the Court deny Defendants' motions to dismiss in their entirety.

Respectfully submitted this 5th day of September, 2025,

**/s/ Shirley LaVarco**
Shirley LaVarco (S.D. Tex. Bar No. 3837906)
shirley@peoplescounsel.org
Brittany Francis*
brittany@peoplescounsel.org
Peoples' Counsel
1900 W. Gray Street
P.O. Box 130442
Houston, TX 77219
Telephone: (713) 487-9809
* Attorney-in-Charge. Admitted to practice in Texas (Bar No. 24141616), New York (Bar No. 5337555), and the District of Columbia (Bar No. 90008960).


Leonard J. Laurenceau (*pro hac vice* forthcoming)†
leo@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave. NW, Suite 800
Washington, D.C. 20009
Telephone: (202) 844-4975
Facsimile: (202) 410-8938
† Admitted to practice in Florida (Bar No. 106987), New York (Bar No. 5772231) and the District of Columbia (Bar No. 90007729).

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on September 5, 2025, a true and correct copy of this document was properly served on counsel of record via electronic filing in accordance with the United States District Court for the Southern District of Texas Procedures for Electronic Filing.


/s/ Shirley LaVarco
*Counsel for Plaintiff*