United States District Court
Southern District of Texas
**ENTERED**
March 11, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TERRENCE LAMONT HOLLAND, | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-00373 |
| | § | |
| ANTONIO JOSE OTERO, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| | § | |

## SHOW CAUSE ORDER

At the motion to dismiss stage, the Defendants argued that this case should be dismissed because the claims are barred by the applicable statute of limitations. *See* (Doc. Nos. 8, 9, 26, 27, 33). In response, Plaintiff claims that he is entitled to equitable tolling under Section 16.001 of the Texas Civil Practice and Remedies Code, providing evidence that he was under a legal disability at the time of the incident and afterwards, or in other words, that Plaintiff was and is of an "unsound mind." *See* (Doc. No. 1 at 4 n.3). Texas courts have recognized that a plaintiff is entitled to this equitable tolling if he "lacks the mental capacity to pursue his suit if he is unable to participate in, control, or understand the progression and disposition of the suit" or when he "is unable to manage his affairs to understand his legal rights." *Rollins v. S. Baptist Convention*, 628 S.W.3d 583, 590 (Tex. App.—Houston [1st Dist.] 2021, pet. denied) (citing *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 755 (Tex. 1993)); *Eber v. Harris Cnty. Hosp. Dist.*, 130 F. Supp. 2d 847, 871 (S.D. Tex. 2001).

Considering the Plaintiff's contentions and supporting documentation, the Court is forced to address the potential issue of legal capacity. The Fifth Circuit has long held that incompetent individuals lack "the capacity to litigate under the law of [their] domicile." *See Thomas v. Humfield*, 916 F.2d 1032, 1034 (5th Cir. 1990). Plaintiff's domicile is in Texas. (Doc. No. 38 at 4).

In Texas, that standard is that the individual "by reason of mental or bodily infirmity, [is] incapable of properly caring for their own interests in the litigation." *Magallon v. Livingston*, 453 F.3d 268, 271 (5th Cir. 2006). The standard for legal capacity and the standard for the "unsound mind" exception to the statute of limitations are virtually the same. If the Plaintiff does not have capacity for purposes of the applicable statute of limitations, he seemingly cannot have the capacity to sue under the applicable legal standards. Therefore, pursuant to Federal Rule of Civil Procedure 17(c), this Court needs to be assured that the Plaintiff has capacity to sue. If he does not, this Court must consider what action (including dismissal without prejudice) it should take.

That being the case, Plaintiff and his counsel are **ORDERED** to show cause why this case should not be dismissed due to the Plaintiff's lack of capacity by **April 3, 2026.** Defendants may respond to whatever Plaintiff files if they do so by **April 24, 2026.**

It is so ordered.

Signed on this the ___10___ day of March 2026.

Andrew S. Hanen
United States District Judge

2