IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRENCE LAMONT HOLLAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | CIVIL ACTION NO. 4:25-cv-373 |
| ANTONIO JOSE OTERO, AARON | § | |
| PARR, LUCIA GRACIA, JOHN C. | § | |
| FISHER, R. HERNANDEZ, and JULIAN | § | |
| M. MONTEMAYOR, | § | |
| | § | |
| Defendants. | § | |

## JOINT MOTION TO ABATE SCHEDULING ORDER AND STAY PROCEEDINGS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

The parties, Plaintiff Terrence Lamont Holland ("Plaintiff") and remaining Defendants, Officers Antonio Otero, Aaron Parr, and Lucia Gracia (collectively "Defendants") file this Joint Motion to Abate the current Scheduling Order (Doc. No. 43) and Stay discovery and disclosures, the deadline for the remaining Defendants to file answers, and entry of an amended scheduling order, until after the resolution of Plaintiff's capacity to proceed under Rule 17, Fed. R. Civ. P., respectfully showing the following:

### NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff filed an original complaint in this Court on January 29, 2025, (Doc. No. 1), alleging injuries from a December 19, 2021, traffic stop and an encounter with six Houston Police Department officers: Antonio Jose Otero, Aaron Parr, Lucia Gracia, John Fisher, Roberto Hernandez, and Julian Montemayor. Doc. No. 49 at 2.

Plaintiff alleged that (1) Officers Otero, Parr, and Gracia violated his Fourth Amendment right to be free from the use of excessive force, (2) Officers Otero, Parr, Gracia, Hernandez, and Montemayor violated his Fourth Amendment right to be free from the use of excessive force when they failed to intervene, and (3) all Defendants conspired to fabricate evidence and failed to intervene to prevent the fabrication of evidence in violation of the Fourteenth Amendment. *Id.* at 4-5.

Defendant Fisher filed a motion to dismiss under Rules 12(b)(6) and 12(b)(1). Doc. No. 27. All the other Defendants filed motions to dismiss under Rule 12(b)(6). Docs. No. 8, 9, 26, 33.

Given the Defendants' motions invoking qualified immunity, the parties agreed to a stay of discovery and disclosures pending the Court's determination of the Defendants' motions to dismiss. Doc. No. 11. *See Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022) (clarifying, consistent with Supreme Court decisions, that a district court must rule on a defendant's qualified immunity assertion raised by a motion to dismiss before proceeding with discovery or requiring the defendant to file an answer).

A scheduling order was entered at the initial conference on January 9, 2026, including the following deadlines:

New parties must be joined by: April 9, 2026

Plaintiff's experts will be named with a report furnished by: October 30, 2026

Defendant's experts must be named with a report furnished by: November 30, 2026

Discovery must be completed by: December 30, 2026

Dispositive Motions will be filed by: February 1, 2027

Responses to dispositive motions filed by: March 1, 2027

Non-Dispositive Motions will be filed by: February 1, 2027

Parties will mediate the case by: April 10, 2026

Joint pretrial order is due: August 2, 2027

Pretrial Conference is set for 1:30 p.m. on: September 7, 2027

Doc. No. 43.

On March 10, 2026, the Court issued an Order granting-in-part and denying-in-part the Defendants' Motions to Dismiss. Doc. No. 49. The Court dismissed Counts II and III of the Complaint and dismissed any and all claims against Officer Julian Montemayor, Officer Roberto Hernandez, and Officer John Fisher with prejudice. *Id.* at 20. The sole remaining claim in the case is the excessive force claim (Count I) against Officer Otero, Officer Parr, and Officer Gracia. *Id.* at 20-21. The Court denied without prejudice these Officers' motions to dismiss (Doc. No. 8, 33) Count I of the Complaint and permitted "the parties to conduct limited discovery on the issue of whether Officers Parr, Gracia, or Otero violated the Fourth Amendment." Doc. No. 49 at 15.

The Court separately ordered Plaintiff and his counsel to show cause why this case should not be dismissed due to the Plaintiff's lack of capacity. Doc. No. 50. Plaintiff was granted an unopposed extension of time until April 24, 2026, to respond to the Court's Show Cause Order. Doc. No. 53.

## STANDARD OF REVIEW

"District courts have broad discretion in all discovery matters." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006). A district court has

broad discretion to stay proceedings and exercise control of its own docket and the course of litigation, including the discovery process. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n. 114 (5th Cir. 1990) ("Trial courts possess broad discretion to supervise discovery.").

Under Federal Rule of Civil Procedure 16, entry of a scheduling order must occur "90 days after any defendant has appeared" or "120 days after any defendant has been served with the complaint" unless good cause exists to delay entry. Fed. R. Civ. P. 16. Under Federal Rule of Civil Procedure 26(c), a district court can "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including a stay of discovery and disclosures. Fed. R. Civ. P. 26(c).

A district court has "broad discretion and inherent power to stay discovery" for good cause "until preliminary questions that may dispose of the case are determined." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (quotation marks omitted). If resolution of preliminary questions may dispose of the entire action, then staying discovery may be an appropriate course of action. *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (explaining district court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.").

### JOINT MOTION TO ABATE AND STAY

The parties jointly move to abate the current Scheduling Order and stay discovery, the deadline for the remaining Defendant-Officers to file answers, and entry of an amended

4

scheduling order, until after the Court's determination of the Plaintiff's capacity to proceed, at which point the parties will promptly confer regarding proposed next steps and scheduling.  Doc. No. 50 at 1.

According to Rule 17 of the Federal Rules of Civil Procedure, parties must have the capacity to sue or be sued.  The Court's Show Cause Order explained:

> Considering the Plaintiff's contentions and supporting documentation, the Court is forced to address the potential issue of legal capacity.  The Fifth Circuit has long held that incompetent individuals lack "the capacity to litigate under the law of [their] domicile."  *See Thomas v. Humjield,* 916 F.2d 1032, 1034 (5th Cir. 1990).  Plaintiff's domicile is in Texas.  (Doc. No. 38 at 4).  In Texas, that standard is that the individual "by reason of mental or bodily infirmity, [is] incapable of properly caring for their own interests in the litigation." *Magallon v. Livingston,* 453 F.3d 268,271 (5th Cir. 2006).  The standard for legal capacity and the standard for the "unsound mind" exception to the statute of limitations are virtually the same.  If the Plaintiff does not have capacity for purposes of the applicable statute of limitations, he seemingly cannot have the capacity to sue under the applicable legal standards.  Therefore, pursuant to Federal Rule of Civil Procedure 17(c), this Court needs to be assured that the Plaintiff has capacity to sue.

*Id.*

The Court has raised a threshold question regarding Plaintiff's capacity to proceed, and resolution of that issue may affect the course of this litigation.  These circumstances support a temporary stay pending the determination of Plaintiff's capacity.  Fact and expert discovery should not commence until the Court resolves the capacity issue raised in its Show Cause Order.  Furthermore, the parties have been operating under an agreement to stay discovery and disclosures pending the immunity determinations, as required by Fifth

Circuit and Supreme Court precedent.  Doc. No. 11 (Agreed Joint Discovery and Case Management Plan).  *See Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022) (clarifying, consistent with Supreme Court decisions, that a district court must rule on a defendant's qualified immunity assertion raised by a motion to dismiss before proceeding with discovery or requiring the defendant to file an answer).  Entry of an amended scheduling order if the Court finds Plaintiff competent to proceed would allow the parties to fully and fairly develop facts.  A stay will allow the resolution of Plaintiff's capacity at an early stage in the litigation without the potentially premature expenditure of judicial, party, and taxpayer resources, while preserving the rights of all parties involved.  *See Williams v. Brooks*, 996 F.2d 728, 730 n. 2 (5th Cir. 1993).

## CONCLUSION AND PRAYER

Plaintiff Terrence Holland and remaining Defendants, Officer Otero, Officer Parr, and Officer Gracia, respectfully pray that the Honorable Court grant this Motion, abate the scheduling order, and stay these proceedings until after resolution of Plaintiff's capacity under Rule 17.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY MARTIN
Section Chief Torts/Civil Rights

Date:  April 9, 2026.          By:    */s/ Melissa Azadeh*
                                      MELISSA AZADEH
                                      *Attorney in Charge*
                                      Texas Bar No. 24064851
                                      Federal Bar No. 1090186

6

Senior Assistant City Attorney
CITY OF HOUSTON LEGAL DEPARTMENT
P.O. Box 368
Houston, Texas 77002-0368
Tel. (832) 393-6270
Fax (832) 393-6259
melissa.azadeh@houstontx.gov

**COUNSEL FOR DEFENDANTS JOHN FISHER, LUCIA GRACIA, ROBERTO HERNANDEZ, JULIAN MONTEMAYOR, ANTONIO OTERO, AND AARON PARR**

Date:  April 9, 2026.          By:    */s/ Brittany Francis*
                                     BRITTANY FRANCIS
                                     *Attorney in Charge*
                                     Texas Bar No. 24141616
                                     S.D. Tex. Bar No. 3837908
                                     PEOPLES' COUNSEL
                                     1900 W. Gray Street
                                     P.O. Box 130442
                                     Houston, TX 77219
                                     brittany@peoplescounsel.org

**COUNSEL FOR PLAINTIFF TERRENCE LAMONT HOLLAND**

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April 2026, a true and correct copy of the foregoing motion was delivered to all opposing counsel(s) by electronic filing of same in accordance with the District's ECF service rules, and alternatively via e-mail and/or facsimile transmission, or certified mail, return-receipt requested.

Brittany Francis
brittany@peoplescounsel.org
Peoples' Counsel
1900 W. Gray Street,
P.O. Box 130442
Houston, TX 77219

/s/ Melissa Azadeh
Melissa Azadeh