**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| TERRENCE LAMONT HOLLAND,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO JOSE OTERO,<br>AARON PARR,<br>LUCIA GRACIA,<br>JOHN C. FISHER,<br>R. HERNANDEZ, and<br>JULIAN M. MONTEMAYOR,<br><br>Defendants. | Case No. 4:25-cv-373 |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

On March 10, 2026, this Court ordered Plaintiff Terrence Lamont Holland to demonstrate that his Section 1983 lawsuit should not be dismissed for lack of legal capacity. The Court's show cause order is driven by the concern that a finding of unsound mind compels or necessitates a finding of legal incapacity. Texas law recognizes that while legal incompetence is certainly *sufficient* to establish entitlement to unsound mind tolling, it is not necessary. *Rollins v. S. Baptist Convention*, 628 S.W.3d 583, 596–97 (Tex. App. 2021) (noting that although "[c]omplete mental incapacity or disability undoubtedly qualifies as unsound mind under the tolling statute … a lesser degree of incapacity or partial disability" may also qualify). The purpose of Texas's unsound mind tolling doctrine grounds this distinction—it is a functional, protective doctrine rooted in the constitutional guarantee of meaningful access to the courts, even and especially for people who have disabilities. *Draughon v. Johnson*, 631 S.W.3d 81, 94 (Tex.

1

2021). Mr. Holland falls within this protected category. He need not be incapacitated to be entitled to tolling, and the record demonstrates he is indeed competent to proceed.

Should this Court remain concerned about Mr. Holland's competency, dismissal is not the answer. Federal Rule of Civil Procedure 17 provides a protective alternative—a competency hearing followed by the designation of a next-friend, if necessary—that allows the case to proceed while safeguarding Mr. Holland's interests. *See Magallon v. Livingston*, 453 F.3d 268, 271–72 (5th Cir. 2006); *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990).

For these reasons, Mr. Holland asks this Court to permit him the opportunity to litigate his claims with the assistance of counsel. In the alternative, should the Court deem additional protections necessary after a hearing examining Mr. Holland's competence, *Thomas v. Humfield*, 916 F.2d 1032, 1035 (5th Cir. 1990), he seeks the opportunity to litigate his claims with the assistance of a next-friend.

## RELEVANT FACTS

Plaintiff Terrence Holland is a 49-year-old man living with multiple, compounding physical, cognitive, and psychological disabilities that affect nearly every aspect of his daily life. *See* Doc. 13 (Pl.'s Opp'n) at 6–7; Doc. 14 (Pl.'s Opp'n) at 8-10; Doc. 1 (Compl.) ¶¶ 21, 30–31. These include chronic Post-Traumatic Stress Disorder ("PTSD"), traumatic brain injury, hearing impairments, and related functional limitations that impair his ability to manage daily tasks and process complex information. *See* Doc. 13 at 6–7; Doc. 14 at 8–10; Doc. 1 ¶¶ 30–31.

Mr. Holland's impairments are longstanding and severe. His medical history reflects repeated, serious trauma, including a gunshot wound to the back of the head and a stabbing to the face and throat in 2016. *See* Doc. 4 (Expert Aff. of Dr. Jennifer Hughes) at 3. Following those incidents, he was diagnosed with PTSD, which has persisted continuously since that time. *See id.*

2

at 9. His condition "significantly worsened," due to Defendants' "re-traumatizing" assault, which ultimately "compounded his impairments in social, occupational, and adaptive functioning." *Id*. at 10. Clinical evaluation confirms that his condition remains severe and functionally limiting. *See id. passim.* As this Court has already recognized, these are not abstract diagnoses—they translate into concrete limitations warranting unsound mind tolling. *See* Doc. 49 (Order) at 6–10.

At the same time, Mr. Holland retains the ability to communicate and engage in conversation about his interests, along with other primary cognitive functions. He can communicate coherently, respond to questions, and understand that he was unfairly harmed. *See* Doc. 4 at 4, 8.  He has, at times, attempted to seek assistance or relief, including filing a *pro se* complaint.[1] Doc. 13 at 9–10, 28. Importantly, during Dr. Hughes' examination, Mr. Holland was able to read and respond independently; took his time and was diligent in his response style; and did not need any assistance in completing self-assessments. *See* Doc. 4 at 4. Mr. Holland remained engaged with Dr. Hughes throughout the evaluation, and appeared, "honest and forthright in his responses." *Id*. Based on behavioral observations and prolonged interaction with Mr. Holland, the examiner did not observe any factors that would indicate "poor compliance, altered mental status, inability to understand the content of the structured interview, or 'faking bad' (exaggerating the severity of his symptoms)." *Id*. at 8.

### ARGUMENT

Texas law makes clear that a finding of entitlement to unsound mind tolling does not compel or necessitate a finding of legal incapacity.[2] Although Texas courts have at times used the language of incompetency inside of unsound mind tolling analysis, this arises from plaintiffs'

---

[1] However, even the state trial court recognized that this filing contained significant errors and deficiencies, reflecting Mr. Holland's impairments and inability to proceed *pro se*.

[2] At the motion to dismiss stage, this Court has determined only that Mr. Holland has plausibly alleged facts that could entitle him to tolling based on unsound mind.

*concession* in those cases that they are incompetent in order to establish their entitlement to tolling. While incompetency is certainly sufficient to establish entitlement to tolling, it is not necessary. The doctrines are not interchangeable and do not compel identical outcomes.

Here, although Mr. Holland's impairments significantly limited his ability to independently and timely pursue legal claims, he is not legally incapacitated, and he has never claimed as much. He communicates his interests with counsel and provides information that helps counsel effectuate those interests. Mr. Holland is therefore competent to proceed and seeks the opportunity to do so. However, should this Court conclude that additional protection is warranted, Rule 17(c) offers that protection through the designation of a next-friend after a hearing examining Mr. Holland's competence. Dismissal is not warranted.

**I.    Because the standards for unsound mind tolling and competency are related but, ultimately, distinct under Texas law, the Court's determination that Plaintiff plausibly alleged "unsound mind" for tolling purposes does not compel or necessitate a finding of incompetence.**

Section 16.001 provides that if a claimant is "under a legal disability," including being "of unsound mind," the limitations period is tolled for the duration of that disability. Tex. Civ. Prac. & Rem. Code § 16.001(a)(2), (b). Section 16.001 does not define the term "unsound mind." *Myers v. St. Stephen's United Methodist Church*, No. 01-96-001460-CV, 1998 WL 723887, at *3 (Tex. App. Oct. 8, 1998) ("'Unsound mind' is not defined in the Texas Civil Practice and Remedies Code."). However, Texas courts generally understand the term to apply to someone who, "is unable to manage his affairs or to understand his legal rights." *Helton v. Clements*, 832 F.2d 332, 336 (5th Cir. 1987); *Lowery v. Lowery*, 386 S.W.2d 194, 197 (Tex. Civ. App. 1965) (noting that a person of unsound mind "includes insane persons," and that "'insanity' is a sort of generic term, comprehending all kinds of mental unsoundness and derangement").

4

In comparison, legal competency inquiries in Texas ask whether the individual is, "by reason of mental or bodily infirmity, incapable of properly caring for [his] own interests in the litigation." *Magallon*, 453 F.3d at 271 (internal citation omitted). "The Fifth Circuit [] has made clear that proof of mental illness and inability to take care of one's personal needs does not constitute proof that one lacks the capacity to sue in his own name . . . under Texas law, proof that one cannot take care of one's personal needs does not amount to proof that one cannot pursue a lawsuit." *Taylor on behalf of Gordon v. Livingston*, No. CV H-06-2790, 2007 WL 9662162, at *5 (S.D. Tex. Aug. 17, 2007), *report and recommendation adopted sub nom. Taylor v. Livingston*, No. CV H-06-2790, 2007 WL 9662172 (S.D. Tex. Sept. 18, 2007).

Similarly, Texas courts have made clear that a person can be of "unsound mind" without being formally adjudicated incompetent. *Freeman v. Am. Motorists Ins. Co.*, 53 S.W.3d 710, 713 (Tex. App. 2001) ("The term . . . refers to a legal disability" but "is not limited to persons who are adjudicated incompetent."). In *Rollins*, the court noted, "Our Supreme Court has implicitly recognized that unsound-mind tolling need not be predicated on total incapacity or disability." 628 S.W.3d at 596.  The court explained:

> [A] *partial disability* may qualify as unsound mind so long as the evidence ultimately shows the plaintiff lacked the ability to pursue or participate in the suit. In *Casu*, our sister court described the plaintiff as being of "diminished mental capacity" and held that evidence of his acute paranoid psychosis with defective cognitive and memory functioning resulting from chemical exposure presented a fact issue for purposes of unsound-mind tolling. 881 S.W.2d at 34–35. Similarly, in *Palla*, our court held that evidence of the plaintiff's "profound neurocognitive impairment," which made her unable to recall "many of the important aspects of her life," raised the issue of unsound mind. 877 S.W.2d at 474–75. Thus, Rollins's allegations of post-traumatic stress disorder and memory repression are not incompatible with unsound-mind tolling as a matter of law.

> 628 S.W.3d at 597 (emphasis added).

5

*Rollins* rejects the notion that a finding of unsound mind necessitates a finding of incapacitation. Partial or diminished capacity—so long as it impairs the ability to pursue litigation—is sufficient for tolling. This makes sense. The legal system is complex, and a person's inability to navigate one part of it does not prove an inability to manage or comprehend the whole. Accordingly, "it is not required that the plaintiff be adjudicated incompetent" for Section 16.001 tolling to apply. *See, e.g.*, *Doe v. St. Stephen's Episcopal Sch.*, No. CIV.A. C-08-299, 2008 WL 4861566, at \*5–6 (S.D. Tex. Nov. 4, 2008) (denying dismissal where the plaintiffs alleged continuous psychological injuries that prevented them from suing, without requiring any formal adjudication of incompetence).

The purpose of the unsound mind tolling doctrine grounds this distinction. "[T]olling serves the constitutional goal of ensuring that the statute of limitations does not unreasonably deny those with mental disabilities access to our courts." *Draughon*, 631 S.W.3d at 94 (citing Tex. Const. art. I, § 13). Accordingly, the Fifth Circuit has recognized that this tolling can extend for the lifetime of the plaintiff, reflecting a legislative judgment that the policy favoring repose must yield where a person's disability prevents him from vindicating his rights. *Helton*, 832 F.2d at 336. ("[T]he purpose of the statute is 'to suspend limitations with respect to those who have no access to the courts'").

In sum, both Texas's unsound-mind tolling and legal capacity doctrines touch on a person's ability to navigate the court system, but they do not ask or answer the same ultimate question. Texas's tolling law protects people who cannot independently vindicate their rights in a timely fashion. Rule 17 protects litigants whose interests cannot adequately be represented without a procedural safeguard. Those doctrines overlap, but they are not identical—this Court

can honor both without collapsing them. Applying the law to the record here, it is clear that Mr. Holland, though substantially impaired, retains sufficient capacity to proceed in this litigation.

## II.    Mr. Holland is not legally incapacitated under Texas law.

Texas law makes clear that an individual's "ability to communicate with [one's] attorneys—to tell them [one's] interests and to give them information to help them effectuate those interests—tends to show that [one] ha[s] the ability to take care of [oneself] in litigation." *Limon v. United States*, No. 5:22-CV-33, 2022 WL 16953041, at *2 (S.D. Tex. Nov. 7, 2022), *report and recommendation adopted*, No. 5:22-CV-33, 2022 WL 16924118 (S.D. Tex. Nov. 14, 2022) (internal citation omitted); *Magallon*, 453 F.3d at 271.

Mr. Holland meets this standard. Although his disabilities are severe and ongoing, the record shows that he retains the core abilities necessary to effectuate his interests with the assistance of counsel. He can communicate coherently, respond to questions, understand that he was harmed, and express his interests. And during Dr. Hughes's examination, Mr. Holland was able to read and respond independently, took time with his answers, responded diligently, and required no assistance completing self-assessments. Doc. 4 at 4. He remained engaged throughout the evaluation and appeared "honest and forthright in his responses." *Id.* Dr. Hughes also observed no indication of "poor compliance, altered mental status, inability to understand the content of the structured interview, or 'faking bad.'" *Id.* at 8. Those facts show meaningful functional ability—not legal incapacity.

The facts here are far afield from *Limon*, for example, where the court found incompetence based on profound communication, literacy, and intellectual-functioning deficits. There, the plaintiff's evaluation showed "limited use of language for communicating her thoughts and responding to questions," impaired and rapid speech, difficulty following directions

7

even after they were repeated in both Spanish and English, intellectual-functioning scores in the disability range, functional illiteracy, academic scores below kindergarten level, and a recommendation that she would need step-by-step picture-book instructions for employment. *Limon*, 2022 WL 16953041, at \*2–3. Here, the record shows that, unlike the plaintiff in *Limon*, Mr. Holland can communicate, understand questions, respond independently, and express his interests. *See* Doc. 4 at 4, 8.

Mr. Holland's position has never been that his disabilities erase all litigation capacity. His position is narrower and consistent with the Court's prior ruling: his severe, compounding impairments prevented him from independently and timely vindicating his rights, making him of unsound mind for tolling purposes.

**III. In the alternative, if the Court concludes Mr. Holland's interests require additional protection, next-friend designation is the proper next step, rather than dismissal.**

Should this Court conclude that additional safeguards are warranted in this case, dismissal is not the appropriate response. Rule 17(c) provides flexible mechanisms to protect litigants with impairments who, after a hearing, are deemed incompetent, including next-friend or guardian ad litem representation. *Magallon*, 453 F.3d at 271–72. As the Fifth Circuit has made explicit, a court may not declare a litigant incompetent without affording due process, explaining that, " [a]t a minimum, the due process clause . . . requires [a] hearing." *Thomas*, 916 F.2d at 1033.

Therefore, if this Court has any lingering concerns regarding Mr. Holland's legal capacity, the proper course is not dismissal, but a hearing, and, in the event he is deemed incompetent, designation of a next-friend. Any other approach—particularly one that converts a pleading-stage plausibility determination into a dispositive finding of incompetence—would

impermissibly collapse distinct legal inquiries and deny Mr. Holland the procedural protections the Fifth Circuit recognizes he deserves.

**CONCLUSION**

Mr. Holland has significant cognitive limitations that entitle him to unsound mind tolling, but he is not incapacitated. He can communicate with counsel, express his interests, and provide information to effectuate those interests. Texas law does not equate Mr. Holland's level of impairment with legal incapacity. Therefore, this Court should maintain its finding that Mr. Holland has plausibly alleged his entitlement to unsound mind tolling and, because he is competent, allow this case to proceed.

Respectfully submitted this 24th day of April, 2026.

/s/ Brittany Francis
Texas Bar No. 24141616; S.D. Tex. Bar No. 3837908
brittany@peoplescounsel.org
1900 W. Gray Street
P.O. Box 130442
Houston, TX 77219
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2026, a true and correct copy of this document was properly served on counsel of record via electronic filing in accordance with the United States District Court for the Southern District of Texas Procedures for Electronic Filing.

/s/ Brittany Francis
