**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| TERRENCE LAMONT HOLLAND,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO JOSE OTERO,<br>AARON PARR,<br>LUCIA GRACIA,<br>JOHN C. FISHER,<br>R. HERNANDEZ, and<br>JULIAN M. MONTEMAYOR,<br><br>Defendants. | Case No. 4:25-cv-373 |

**PLAINTIFF'S SURREPLY TO ORDER TO SHOW CAUSE**

**TABLE OF CONTENTS**

**BACKGROUND**........................................................................................................................3

**ARGUMENT**............................................................................................................................4

    I. Defendants Have Exceeded the Scope of this Court's Show Cause Order in an Improper Attempt to Relitigate Unsound-Mind Tolling............................................................................4

        A. This Court already considered Defendants' arguments when it determined that Mr. Holland plausibly alleged entitlement to unsound-mind tolling at the motion to dismiss stage.........................................................................................................................................5

           B. Defendants' de facto request for reconsideration is procedurally improper and meritless............................................................................................................................6

    II. Defendants Misconstrue Mr. Holland's Openness to Rule 17 Safeguards as a Request for a State-Court Guardianship Proceeding.......................................................................................7

        A. Rule 17 safeguards are distinct from, and not dependent upon, formal state-law guardianship proceedings....................................................................................................7

        B. Defendants erroneously suggest, without support, that Rule 17 applies to habeas, prisoner, and death-penalty contexts, but does not apply here.............................................9

    III. Defendants Argue Without Basis that Rule 17 Proceedings Are Somehow Outside of this Court's Jurisdiction and Barred By Qualified Immunity—A Premise That  Would Make Rule 17 Protections Unavailable to Virtually All Section 1983 Plaintiffs.........................................9

        A. Mr. Holland has asserted no independent state-law guardianship claim requiring this Court to exercise supplemental jurisdiction........................................................................10

        B. Qualified immunity does not bar Rule 17 proceedings...................................................11

        C. Defendants' position would effectively eliminate unsound-mind tolling for Section 1983 plaintiffs.......................................................................................................................11

    IV. Mr. Holland's Tolling Position is Consistent with Proceeding with the Assistance of Counsel Or, Alternatively, with a Next Friend...........................................................................12

**CONCLUSION**.......................................................................................................................**14**

**PLAINTIFF'S SURREPLY TO ORDER TO SHOW CAUSE**

On March 10, 2026, this Court issued an Order to Show Cause directing Mr. Holland to address whether his prima facie entitlement to unsound-mind tolling necessarily means he lacks capacity to proceed under Federal Rule of Civil Procedure 17(c) ("Rule 17(c)"), and if not, whether Rule 17(c) safeguards short of dismissal may be appropriate. Doc. 50. On April 24, 2026, Mr. Holland filed a response explaining that: unsound-mind tolling and litigation capacity are related but distinct inquiries; he retains sufficient capacity to proceed through counsel; and, if this Court were to determine additional protections were warranted, Rule 17(c) provides procedural safeguards short of dismissal. Doc. 57. On May 15, 2026, Defendants filed a response that not only failed to rebut Plaintiff's cited authority, but far exceeded the bounds of the narrow procedural question raised by the Court. Doc. 59.

Mr. Holland hereby files this Surreply in response. As set forth below, this Court should reject Defendants' attempt to revisit issues already resolved at the pleading stage, confine its analysis to the limited Rule 17(c) question presented by the Order to Show Cause, and, because Defendants have failed to rebut Plaintiff's cited authority, permit this case to proceed.

**BACKGROUND**

Mr. Holland brought this Section 1983 action to hold Defendants' accountable for violent, unconstitutional conduct that caused him profound harm and compounded his preexisting physical, cognitive, and psychological impairments—including chronic PTSD. Texas law recognizes that these kinds of impairments can  prevent timely pursuit of legal claims and seeks to protect vulnerable litigants through the doctrine of unsound-mind tolling.

When Defendants argued that Mr. Holland had insufficiently pled entitlement to unsound-mind tolling and moved to dismiss his claims as untimely, this Court disagreed,

3

permitting his claims to proceed. Further, this Court declined Defendants' invitation to resolve factual disputes concerning the nature and extent of Mr. Holland's impairments, recognizing that resolution would turn on factual determinations inappropriate at the motion to dismiss stage.

This Court then raised a separate and narrow concern: whether allegations sufficient to support unsound-mind tolling necessarily implicate litigation capacity under Rule 17(c). Mr. Holland engaged meaningfully and exclusively with that question, but Defendants did not. Instead, Defendants have attempted to convert this Court's limited procedural inquiry into a second round of 12(b)(6) briefing, revisiting tolling arguments already rejected at the pleading stage, and expanding the dispute to attack the propriety of Texas state court proceedings Mr. Holland never requested. This surreply follows.

**ARGUMENT**

### I.     Defendants Have Exceeded the Scope of this Court's Show Cause Order in an Improper Attempt to Relitigate Unsound-Mind Tolling.

Defendants' response scarcely addresses the narrow procedural question raised by this Court's Order to Show Cause—whether Mr. Holland's prima facie entitlement to unsound-mind tolling necessarily means he lacks capacity to proceed under Rule 17(c), and if not, whether Rule 17(c) safeguards short of dismissal may be appropriate. Instead, Defendants attack Plaintiff's expert and attempt to relitigate whether Plaintiff has plausibly alleged entitlement to unsound-mind tolling in the first place—an issue this Court already resolved at the Rule 12(b)(6) stage. Their request for dismissal with prejudice on matters already decided exceeds the scope of the Court's Order and therefore, must fail.

4

A.  <u>This Court already considered Defendants' arguments when it determined that Mr. Holland plausibly alleged entitlement to unsound-mind tolling at the motion to dismiss stage.</u>

This Court has already considered and rejected Defendants' argument that Mr. Holland failed to plausibly allege entitlement to unsound-mind tolling—including Defendants' arguments that his ability to drive, communicate with officers, request a supervisor, enter prior proceedings, and pursue a prior lawsuit render tolling unavailable. Doc. 49 at 8-9. Defendants nevertheless attempt to relitigate those same factual disputes, throwing in premature and baseless attacks on Dr. Hughes' qualifications, methodology, and conclusions.

These are precisely the kind of later-stage merits disputes this Court already recognized could not properly be resolved under the Rule 12(b)(6) standard. In fact, this Court explicitly held that Defendants' attacks on Mr. Holland's mental functioning and limitations are "appropriate at the summary judgement stage," explaining that the "success of [Defendants'] argument would depend on this Court making a factual determination regarding the scope of Plaintiff's disability." *Id.* at 8. Because "[t]he legal standard requires precisely the opposite: to accept all well-pleaded facts as true and draw all inferences in Plaintiff's favor," the Court declined to weigh competing factual inferences regarding Mr. Holland's functioning or mental condition, or "the facts surrounding the state court lawsuit." *Id.* at 8-9.

Defendants' reliance on *Kerns v. Dickson*, No. 25-40349, 2026 U.S. App. LEXIS 4350, at *10-11 (5th Cir. 2026) (unpublished) is misplaced. Defendants cite *Kerns* for the proposition that Mr. Holland must demonstrate an inability to pursue litigation through specific factual allegations or a fact-based expert opinion. *See* Doc. 59 at 7-8. They then contend Mr. Holland's allegations remain insufficient as a matter of law.

However, unlike the plaintiff in *Kerns*, Mr. Holland submitted both detailed factual allegations and a fact-based expert opinion regarding impairments affecting his ability to timely vindicate his rights. *See* Doc. 1; *see also* Doc. 4. Most importantly, this Court has already reviewed both and determined Mr. Holland plausibly alleged entitlement to unsound-mind tolling. Doc. 49 at 7-8 (acknowledging that Mr. Holland alleged chronic PTSD and holding, "Texas courts have recognized that PTSD and other similar disabilities may invoke the tolling doctrine." (quotations omitted). *Kerns* does not justify dismissal here.

Because the Order to Show Cause raised a separate procedural question regarding litigation capacity under Rule 17(c)—not whether Mr. Holland adequately pleaded tolling—Defendants' briefing exceeds the scope of the Court's inquiry and provides no basis for dismissal.

B. <u>Defendants' de facto request for reconsideration is procedurally improper and meritless.</u>

Defendants have not formally moved for reconsideration. Instead, they use their response to this Court's Show Cause Order as a backdoor to revisit issues resolved at the motion to dismiss stage over two months ago.[1] A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). Rather, Rule 59(e) serves the narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012).

Defendants identify none of those circumstances here. They cite no intervening change in law, present no newly discovered evidence, and identify no manifest error in this Court's prior plausibility determination. Indeed, the report and factual allegations Defendants now attack are the very same materials that were before the Court during Rule 12 briefing. Defendants may

---

[1] The Court denied Defendants' motion to dismiss on March 10, 2026. Doc. 49.

disagree with the Court's prior ruling, but this disagreement does not entitle them to a second round of Rule 12 briefing.

**II.     Defendants Misconstrue Mr. Holland's Openness to Rule 17 Safeguards as a Request for a State-Court Guardianship Proceeding.**

Instead of rebutting Mr. Holland's authority distinguishing between unsound-mind tolling and legal competency, Defendants recast his openness to Rule 17(c) safeguards as a request for a Texas court guardianship proceeding. They devote substantial portions of their brief to state procedures and, strangely, probate court rules, and attempt to impose limitations on Rule 17 that are unsupported by the text of the Rule itself or the cases interpreting it. *See* Doc. 59 at 1-5. These arguments misconstrue Rule 17, attack relief Mr. Holland has never requested, and fail to answer the questions raised by this Court.

Contrary to Defendants' assertions, this Court's authority under Rule 17 does not derive from Texas guardianship law, nor does Rule 17(c) require  a state court proceeding before a federal court may assess litigation capacity or determine whether procedural safeguards are warranted. Defendants cite no authority supporting either premise, because there is none.

A. <u>Rule 17 safeguards are distinct from, and not dependent upon, formal state-law guardianship proceedings.</u>

Contrary to Defendants' assertions, nothing in Rule 17 or in the case law interpreting it requires the initiation of a state guardianship proceeding before a federal court may assess a party's litigation capacity or determine whether the safeguards contemplated by Rule 17(c) are warranted. Doc. 59 at 2-4. Rule 17(c) is procedural in nature, setting forth mechanisms—including the appointment of a next friend—that federal courts may use to  protect litigants' interests during litigation. Federal    courts—including    courts    within    this Circuit—regularly exercise Rule 17 authority to address legal capacity concerns in civil litigation

without requiring prior state guardianship proceedings. *See J.A. v. Corpus Christi ISD*, 384 F. Supp. 3d 773, 774 (S.D. Tex. 2019) (rejecting arguments that only a state-appointed guardian may sue on behalf of an incapacitated adult because a plaintiff, "may sue by a next friend under Rule 17" where no state-appointed representative existed); *Burress v. Blake*, No. 4:14-CV-35, 2016 WL 11475018, at *1 (E.D. Tex. Dec. 1, 2016) ("[T]he [c]ourt has discretionary authority to appoint a guardian *ad litem* or next friend under Rule 17(c)."). This is unsurprising, because Rule 17 expressly contemplates next-friend representation where a litigant cannot adequately protect his own interests in litigation. *See* Fed. R. Civ. P. 17(c)(2).

Consistent with that authority, the Fifth Circuit has expressly recognized that district courts possess flexibility in determining the appropriate procedures for addressing Rule 17(c) concerns. *See Thomas v. Humfield*, 916 F.2d 1032, 1035 (5th Cir. 1990) (explaining that district courts "may apply any procedure that meets the requirements of due process"). That flexibility is incompatible with Defendants' suggestion that federal courts may employ Rule 17(c) safeguards only after a formal state-court incompetency or guardianship proceeding.

Likewise, Texas courts recognize that "all that is necessary to be represented by a next friend is that the party merely be incapable, by reason of mental or bodily infirmity, of properly caring for his or her own interests in the litigation." *J.A.*, 384 F. Supp. 3d at 774 (quoting *Abbott v. G.G.E.*, 463 S.W.3d 633, 645 (Tex. App. 2015)). The Supreme Court has articulated general requirements governing next-friend status, including that 1) "a 'next friend' must provide an adequate explanation–such as inaccessibility, mental incompetence, or other disability–why the real party in interest cannot appear on his own behalf to prosecute the action" and 2) "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Nothing in *Whitmore*, *Abbott*, or Fifth

8

Circuit precedent suggests that federal courts may employ Rule 17(c) safeguards only after a guardian has been formally appointed in state court.

B. <u>Defendants erroneously suggest, without support, that Rule 17 applies to habeas, prisoner, and death-penalty contexts, but does not apply here.</u>

Defendants argue that Mr. Holland's cited Rule 17 authority is irrelevant because those cases arose in habeas, prisoner, or death-penalty contexts. *See* Doc. 59 at 2-4. To the contrary, neither Rule 17 nor the courts interpreting it have limited its protections to any particular subject matter or causes of action. And why would they? Rule 17 exists to ensure that litigants who cannot adequately protect their own interests are not denied meaningful access to federal court. The intention behind the Rule is cause-agnostic. Accordingly, federal courts have exercised Rule 17 authority across a variety of civil contexts, including civil rights litigation and Section 1983 cases. *See, e.g., Adelman ex rel. Adelman v. Graves*, 747 F.2d 986, 988-89 (5th Cir. 1984) (reversing dismissal and recognizing district court's authority under Rule 17(c) to protect an incompetent litigant's interests in a Section 1983 action); *J.A.*, 384 F. Supp. 3d at 774; *Burress v. Blake*, 2016 WL 11475018, at *1.

Fundamentally, Defendants disagree with this Court's ruling on the plausibility of Mr. Holland's pleadings, not this Court's authority under Rule 17(c). There being no authority supporting Defendants' narrow interpretation of Rule 17(c), Defendants arguments must fail.

III. **Defendants Argue Without Basis that Rule 17 Proceedings Are Somehow Outside of this Court's Jurisdiction and Barred By Qualified Immunity—A Premise That Would Make Rule 17 Protections Unavailable to Virtually All Section 1983 Plaintiffs.**

Defendants argue that any Rule 17(c) proceeding exceeds this Court's supplemental jurisdiction and improperly burdens Defendants notwithstanding their assertion of qualified immunity. *See* Doc. 59 at 5-7. These arguments fail because Mr. Holland has neither asserted an

independent state-law claim nor requested any proceeding implicating the protections underlying qualified immunity doctrine. Furthermore, Defendants stake out a position that would make all Section 1983 plaintiffs ineligible for unsound-mind tolling. In their view, a Section 1983 plaintiff is only entitled to unsound-mind tolling if he is incompetent, but a competency hearing becomes unavailable once qualified immunity is raised. This catch-22 framework finds no support in Rule 17(c), qualified-immunity doctrine, or Texas tolling law. Defendants' arguments have no merit and their demand for dismissal should be denied.

A. <u>Mr. Holland has asserted no independent state-law guardianship claim requiring this Court to exercise supplemental jurisdiction.</u>

Defendants' supplemental jurisdiction argument rests on the mistaken premise that Mr. Holland has asserted an independent "state law guardianship claim" requiring adjudication outside of this Court's federal-question jurisdiction. Doc. 59 at 4. Mr. Holland has asserted no such claim.

Rule 17 does not create a freestanding cause of action. Rather, it is a federal procedural mechanism governing the representation and protection of litigants appearing before the Court. Accordingly, this Court's authority to address litigation-capacity concerns arises from Rule 17(c) and the Court's inherent authority to manage the parties appearing before it—not from 28 U.S.C. § 1367. *See Adelman*, 747 F.2d at 988-89 (5th Cir. 1984) (holding that district courts possess authority under Rule 17(c) to appoint a guardian ad litem or next friend and must determine whether a litigant's interests are adequately protected before dismissal); *Burress*, 2016 WL 11475018, at *1-3 (addressing Rule 17(c) protections in federal court without requiring parallel state proceedings). Defendants cite no authority proving otherwise.

10

B.  <u>Qualified immunity does not bar Rule 17 proceedings.</u>

Defendants likewise argue, without authority, that any inquiry regarding legal capacity improperly burdens Defendants notwithstanding their assertion of qualified immunity. But qualified immunity is an entitlement to be free from the burdens of merits-based litigation and broad discovery regarding official conduct. *See Mitchell v. Forsyth*, 472 U.S. 511, 527-28 (1985). It does not categorically divest courts of authority to address threshold procedural issues concerning who may litigate and under what safeguards litigation may proceed. *See Adelman*, 747 F.2d at 988-89 (holding dismissal improper where the district court failed to determine whether the litigant's interests were adequately protected under Rule 17(c)); *Thomas*, 916 F.2d at1035 (recognizing district courts' flexibility in determining procedures for addressing Rule 17 concerns). Legal capacity is not a merits issue; it is a procedural matter rooted in a desire to protect the interests of vulnerable litigants. In any case, this Court has already denied Defendants' bid for qualified immunity and permitted this case to proceed. *See* Doc. 49.

Moreover, Defendants' position is internally inconsistent. Defendants themselves already seek to litigate Mr. Holland's mental functioning in order to defeat tolling. Their response challenges Dr. Hughes' methodology, disputes Mr. Holland's PTSD-related impairments, emphasizes evidence of his cognitive functioning and daily activities, and argues that his allegations are insufficient as a matter of law. Doc. 59 at 9-12. Defendants cannot simultaneously put Mr. Holland's mental functioning in play to challenge tolling while arguing the Court is categorically barred from considering the same.

C.  <u>Defendants' position would effectively eliminate unsound-mind tolling for Section 1983 plaintiffs.</u>

Taken to its logical conclusion, Defendants' position would effectively render unsound-mind tolling unavailable to Section 1983 Plaintiffs altogether. Under Defendants'

framework, a civil rights plaintiff would have to prove incompetence to be entitled to tolling, but defendants could immediately and continuously block a competency hearing by invoking qualified immunity until the case is resolved.

Nothing in qualified immunity doctrine supports such a result, and Defendants cite no authority holding that qualified immunity bars federal courts from addressing threshold legal capacity issues under Rule 17(c). *Cf. Adelman*, 747 F.2d at 988-89 (recognizing district court's authority under Rule 17(c) to protect an incompetent litigant's interests in a Section 1983 action). Indeed, under Defendants' framework, defendants could invoke qualified immunity to prevent courts from considering the very circumstances that may explain why a plaintiff could not timely vindicate his constitutional rights in the first place.

Defendants' jurisdictional and qualified immunity arguments provide no basis for dismissal and instead attack the propriety of a freestanding guardianship proceeding Mr. Holland has never sought. For these reasons, they must fail.

**IV.    Mr. Holland's Tolling Position is Consistent with Proceeding with the Assistance of Counsel Or, Alternatively, with a Next Friend.**

Defendants assume but never prove that unsound-mind tolling turns on incompetence. As Mr. Holland set forth in his original briefing, incompetence is sufficient to establish entitlement to unsound-mind tolling, but not necessary. *Rollins v. S. Baptist Convention*, 628 S.W.3d 583, 596-97 (Tex. App. 2021) (noting that although "[c]omplete mental incapacity or disability undoubtedly qualifies as unsound mind under the tolling statute . . . a lesser degree of incapacity or partial disability" may also qualify). Indeed, this Court has already recognized that tolling "is not restricted to those who have been adjudged insane or mentally incompetent," Doc. 49 at 7 (quoting *Rollins*, 628 S.W.3d at 590), and that isolated evidence of functioning does not necessarily resolve the inquiry as a matter of law. *See id*. at 7-9.

12

Defendants fail in their attempt to reconcile their position with *Rollins*, this Court's prior order, or Plaintiff's cited authority establishing that unsound-mind tolling and legal capacity are related but distinct inquiries. Instead, Defendants cite authorities that do not impose the categorical incompatibility they urge.

Defendants cite *Draughon v. Johnson*, 631 S.W.3d 81 (Tex. 2021), for the proposition that tolling requires evidence supporting inability to access the courts. Doc. 59 at 6. But *Draughon* addressed burdens of proof surrounding tolling—not legal incompetency, Rule 17, or whether a plaintiff must be incapable of participating in litigation to be eligible for tolling. Likewise, *Tinkle v. Henderson*, 730 S.W.2d 163, 166-67 (Tex. App. 1987), writ refused (Oct. 7, 1987), evaluated whether plaintiff's impairments were sufficient to support tolling—not whether tolling and litigation capacity are mutually exclusive categories. *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 755 (Tex. 1993) similarly discusses general tolling principles without equating unsound mind with formal incompetence or guardianship. And, in *Kerns v Dickson*, No. 25-40349, 2026 WL 396358, at *4 (5th Cir. Feb. 12, 2026), the court concluded that plaintiff's allegations and evidence were  insufficient to support tolling. The court did not announce a categorical rule that a litigant who can communicate with counsel or proceed through representation is barred from invoking unsound-mind tolling.

Mr. Holland has never alleged that he lacks all ability to communicate, express preferences, understand litigation generally, or participate with assistance. Instead, his position has consistently been narrower: his compounded impairments substantially interfered with his ability to independently and timely vindicate his rights. Mr. Holland's discussion of his present litigation capacity was entirely derived from the report he submitted with his pleadings and directly responsive to this Court's Order to Show Cause—it was an elaboration on his

13

consistently-held position that he is competent to proceed and he is entitled to tolling. Rule 17(c) does not impose an all-or-nothing rule. Rule 17(c) exists because litigation capacity may require procedural protections short of dismissal, including next-friend representation where appropriate.

Defendants' contrary position collapses distinct legal inquiries into one and assumes a proposition unsupported by Texas law: that a person must either be fully competent or entirely incapable. Neither Texas's unsound-mind doctrine nor Rule 17 adopts that approach.

**CONCLUSION**

For the foregoing reasons, Mr. Holland respectfully requests that the Court deny Defendants' request for dismissal and reconsideration by another name, and instead, permit him the opportunity to litigate his claims with the assistance of counsel. Alternatively, if the Court concludes additional safeguards are appropriate, Plaintiff respectfully requests the opportunity to litigate his claims with the assistance of a next-friend, in lieu of dismissal. Dismissal would serve no practical purpose here; it would only delay resolution of Plaintiff's claims without resolving the concerns identified in the Court's Order to Show Cause.

Respectfully submitted this 4th day of June, 2026.

/s/ Brittany Francis
Texas Bar No. 24141616; S.D. Tex. Bar No. 3837908
brittany@peoplescounsel.org
1900 W. Gray Street
P.O. Box 130442
Houston, TX 77219
*Counsel for Plaintiff*

14